Argued and submitted January 7, paragraph 4 of supplemental judgment vacated and remanded with instructions; otherwise affirmed July 15, 1998, petition for review denied February 23, 1999 (328 Or 330)

Floyd Bruce ERWIN,
dba Floyd Erwin Construction,
*Appellant,*

*v.*

Cliff TETREAULT
and Hester Tetreault,
*Respondents.*

Floyd Bruce ERWIN,
dba Floyd Erwin Construction,
*Third-Party Plaintiff,*

*v.*

VALLEY HARDWOOD FLOORS, INC.,
an Oregon corporation,
*Third-Party Defendant.*

(C950537CV; CA A96839)

964 P2d 277

Margaret H. Leek Leiberan argued the cause for appellant. With her on the briefs were Leiberan & Gazeley and Randolph J. Stevens.

Kit A. Jensen argued the cause and filed the brief for respondents.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff, who obtained a judgment of $928.72 after a jury trial on claims and counterclaims arising from breach of a construction contract, appeals from a supplemental judgment for attorney fees. Plaintiff contends, primarily, that the trial court erred in reducing his fees from $31,926 to $10,000 based, in part, on his rejection of a settlement offer. Plaintiff also assigns error to the court's failure to award him any fees incurred in successfully resisting defendants'[1] motion for a judgment notwithstanding the verdict.

As amplified below, we conclude that a court *may* reduce the amount of contractual attorney fees based on the prevailing party's rejection of a settlement proposal, but only if that rejection was objectively unreasonable at that time. Here, the trial court determined that plaintiff's rejection of defendants' proposed settlement was driven by unreasonable subjective motivations. Thus, the court did not err in considering that factor. However, the court did err in failing to award plaintiff fees incurred in resisting the motion for judgment notwithstanding the verdict. Accordingly, we vacate paragraph 4 of the supplemental judgment denying fees incurred in resisting the motion for judgment notwithstanding the verdict, remand with instructions to award such fees, and otherwise affirm.

In May 1993, plaintiff and defendants entered into a contract in which plaintiff, a contractor, agreed to build defendants a home, and defendants agreed to pay plaintiff $181,135, plus the cost of any subsequently agreed-to additions. During the course of construction, defendants requested changes to the house plans, generating additional costs.

In February 1995, plaintiff filed this action, alleging that the total amount due on the contract, including the requested changes, was $185,052.02; that defendants had paid $177,685 on the contract; and that defendants had breached the contract by failing to pay the remaining

---

[1] "Defendants" refers only to Cliff and Hester Tetreault. Third-party defendant, Valley Hardwood Floors, Inc., is not a party to this appeal.

$7,367.02. In addition to those damages, plaintiff also sought attorney fees as provided in the contract. Defendants answered, denied breaching the contract, and asserted three counterclaims: (1) Plaintiff had breached the contract by modifying the house without defendants' consent and by performing substandard work, resulting in damages of $9,882; (2) defendants, as the prevailing party under the contract, are entitled to reasonable attorney fees; (3) plaintiff had violated the Deceptive Trade Practices Act, ORS 646.608(e), and was liable for both compensatory damages of $6,857 and punitive damages; and (4) plaintiff had breached the contract by failing to reimburse defendants for requested work and for lodging costs, with damages of $209.

The parties' dispute was submitted to nonbinding, court-annexed arbitration in June 1995. The arbitrator rejected plaintiff's claims and determined that defendants were entitled to prevail on at least one of their counterclaims,[2] awarding defendants $7,881 in damages, $308.50 in costs, and $12,210 in attorney fees. Plaintiff's total liability to defendants under the arbitrator's decision was $20,399.50. Plaintiff appealed to the circuit court.

Before trial, defendants tendered an offer of compromise to plaintiff pursuant to ORCP 54 E. That offer provided: (1) Plaintiff would dismiss his breach of contract claim with prejudice; (2) defendants would dismiss their counterclaims with prejudice; (3) no costs or attorney fees would be awarded to either plaintiff or defendants; and (4) $3,450 being held in plaintiff's counsel's trust account would be released to defendants.[3] Plaintiff rejected that offer. Shortly thereafter, defendants dismissed their counterclaim under the Deceptive Trade Practices Act, reducing plaintiff's exposure on the counterclaims to $10,091, plus potential prevailing party attorney fees and costs.

The case was tried to a jury in December 1996. The jury awarded plaintiff $5,661.72 on his claim and awarded defendants $4,524 on their first counterclaim and $209 on

---

[2] The Arbitration Award/Settlement does not reveal on which or how many of defendants' counterclaims they succeeded.

[3] The source of the $3,450 is unclear from the record.

their fourth counterclaim—a total of $4733—resulting in a net recovery by plaintiff of $928.72. The trial court entered judgment for plaintiff in that amount and ordered that plaintiff "shall have judgment against defendants * * * for his attorney fees and costs incurred." Thereafter, plaintiff filed an attorney fee statement and cost bill requesting a total of $31,926 in attorney fees.

Defendants objected to plaintiff's cost bill and attorney fee statement, arguing that plaintiff's requested fees were not reasonable. Defendants contended, based on the factors listed in *Griffin v. Tri-Met*, 112 Or App 575, 831 P2d 42 (1992), *aff'd in part, rev'd in part on other grounds* 318 Or 500, 870 P2d 808 (1994), that plaintiff's requested fees were excessive because the issues were not complex, plaintiff wasted time in trying particular issues, counsel for plaintiff did not have the experience or ability to command such a large fee for such a case, and the results obtained were insufficient to sustain a large attorney fee award, particularly in light of the rejected offer of compromise.

Before the court ruled on their fee objections, defendants filed a motion for judgment notwithstanding the verdict. Plaintiff opposed that motion and, in his response, asserted an entitlement to fees for responding to defendants' motion and sought leave to file a supplemental attorney fee statement and cost bill.

After a hearing on the motion for judgment notwithstanding the verdict and plaintiff's original fee request, but before plaintiff filed his supplemental attorney fee statement and cost bill, the trial court issued its supplemental judgment:

"1.   Defendants' Motion for Judgment Notwithstanding the Verdict is DENIED; and

"2.   Defendants' Objections to plaintiff's Attorney Fee Statement is allowed in part and plaintiff shall have judgment against defendants, and each of them, for $10,000.00 attorney fees and $1465.00 of his costs; and

"* * * * *

"4.   Plaintiff Erwin's Motion for Supplemental Attorney Fees is DENIED."

Plaintiff appeals, raising two assignments of error: (1) The trial court erred in awarding fees of only $10,000; and (2) the court erred in failing to award any fees incurred in successfully resisting the motion for judgment nothwithstanding the verdict.

With respect to the first assignment, plaintiff asserts that the trial court erred in considering his refusal to accept defendants' offer of compromise. Plaintiff further argues that, by reducing fees by over two-thirds, the trial court, in effect, failed to grant any attorney fees for the trial portion of the case. Finally, plaintiff asserts that the trial court impermissibly reduced fees based on plaintiff's alleged over-expenditure of time on an evidentiary motion.

■■ Plaintiff's general entitlement to attorney fees is not disputed.[4] Consequently, the only issue is whether the amount awarded was unreasonable. We review that determination for abuse of discretion. *See Griffin*, 112 Or App at 584 ("The trial court has substantial discretion in fixing the [attorney] fees."). However, that discretion is not unbounded. The trial court cannot consider legally impermissible factors in fixing fees.

Plaintiff, as noted, contends that his rejection of the proposed settlement is such a legally impermissible consideration. Before addressing that primary argument, we briefly address plaintiff's secondary challenges to the attorney fee award.

Plaintiff contends that, because the arbitrator awarded defendants fees of over $12,000 for the arbitration alone, the trial court, in awarding him fees of only $10,000 from a total request of almost $32,000, "essentially denied plaintiff any attorney fees for prevailing at the trial level." That argument is, with respect, a *non sequitur*. There is no *necessary* congruency between plaintiff's and defendants'

---

[1] The parties' contract provides:

"In the event of any suit or action arising out of this contract, the losing party therein agrees to pay to the prevailing party therein the latter's costs and reasonable attorney's fees to be fixed by the trial court[.]"

In addition, because plaintiff's recovery at trial exceeded the amount of the offer of compromise, there is no dispute that the offer of compromise did not preclude any recovery of fees. *See* ORCP 54 E.

fees incurred in connection with the arbitration; nor does plaintiff's brief specify his fees incurred with respect to the arbitration, much less distinguish between arbitration- and trial-related fees.[5] In all events, plaintiff's assertion that the court awarded only pretrial fees is completely speculative. The more plausible, and consistent, inference is that the court determined that plaintiff's fees throughout the case were unreasonably high and reduced them accordingly, across the board.

Plaintiff's contention that the court disproportionately reduced fees relating to an evidentiary matter is similarly unpersuasive. Plaintiff provides no description of the evidence sought to be admitted, of the parties' arguments, or of the court's ruling or reasoning on the evidentiary motion. There is, in short, no basis for us to assess that dispute and, thus, to review the consequent reduction of fees.[6] ORAP 5.45(3).

We return to plaintiff's principal argument. No published Oregon decision has addressed the propriety of considering the prevailing parties' rejection of a settlement offer as a factor in fixing the amount of attorney fees.[7] Although the legislature has recently directed that the "objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute" must be considered in setting the amount of *statutory* attorney fees, ORS 20.075(1)(f), (2),[8] neither we nor the Supreme Court has addressed the

---

[5] We decline to search the record to make that determination ourselves. ORAP 5.45(3).

[6] Plaintiff also asserts that the court improperly failed to consider the result obtained given the totality of plaintiff's exposure. We reject that argument without further discussion.

[7] *Cf. Adcock and Adcock*, 138 Or App 23, 27-28, 905 P2d 1185 (1995) (parenthetically noting, but not addressing, the propriety of the trial court's consideration of settlement conduct in declining to award attorney fees to the prevailing party following modification of a child support obligation).

[8] ORS 20.075 provides, in part:

"(1) A court shall consider the following factors in determining whether to award attorney fees in any case in which attorney fees are authorized by statute and in which the court has discretion to decide whether to award attorney fees:

"* * * * *

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

application of that consideration, particularly with respect to contractual attorney fee awards. *See, e.g., Chalmers v. Oregon Auto. Ins. Co.*, 263 Or 449, 455, 502 P2d 1378 (1972) (in setting fees, court may consider, among other factors, "the amount of time required, * * * the novelty and difficulty of the question involved, the amount involved and the result obtained"); *Hess v. Seeger*, 55 Or App 746, 766, 641 P2d 23, *rev den* 293 Or 103 (1982) (same).[9]

At the outset, we note that, because the issue pertains to the amount of, and not the entitlement to, fees, ORCP 54 E is inapposite to the inquiry. That rule provides:

"If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

■ ORCP 54 E thus establishes that a party who rejects a settlement in the form of an offer of compromise and then fails to better that offer at trial cannot recover post-offer attorney fees. *See Carlson v. Blumenstein*, 293 Or 494, 503-04, 651 P2d 710 (1982) (statutory antecedent to Rule 54 E was enacted principally "to encourage the settlement of cases and reduce court congestion by penalizing a plaintiff who fails to accept what, in retrospect, is seen to have been a reasonable offer"). The rule pertains only to entitlement—indeed, to *precluding* entitlement. It does not pertain to the amount of fees when the prevailing party's recovery at trial

---

"* * * * *

"(2) A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which attorney fees are authorized by statute and in which the court has discretion to decide whether to award attorney fees."

[9] Arguably, the "result obtained" could be measured by reference to the amount obtained in excess of any rejected settlement. However, Oregon courts have never so characterized that consideration. *Accord* ORS 20.075(2)(d) (in determining the amount of an attorney fee award pursuant to statute, the court shall consider "[t]he amount involved in the controversy and the results obtained").

exceeds the offer—and, particularly, to whether the prevailing party's rejection of the offer may bear on the reasonableness of the fees requested.

The parties posit competing worst-case scenarios flowing from the consideration, or nonconsideration, of rejections of settlement offers in awarding fees. Those scenarios both assume that the court would, or should, simply compare the rejected settlement with the result obtained at trial and, based on that arithmetical function, commensurately reduce post-offer fees. From plaintiff's perspective, such consideration would give defendants undue leverage to force plaintiffs to accept unfair settlements. For example, in a breach of contract case, with no colorable defenses to liability and $10,000 of liquidated damages, the defendant could "stonewall" by offering plaintiff only $9,000. If plaintiff were forced to go to trial to recover the entire liquidated amount, incurring $5,000 in fees in the process, defendant could argue—and the court might agree—that the expenditure of $5,000 to recover $1,000 was "unreasonable," at least as an arithmetical proposition, and, consequently, plaintiff's fees could be greatly reduced, despite the contractual prevailing party attorney fee provision. That result, plaintiff asserts, is a prescription for extortion.

Conversely, defendant asserts that failing to consider rejected settlements can yield windfalls—or safety nets—for plaintiffs and their lawyers. For example, defendants ask, why should a plaintiff who incurs $20,000 in fees to obtain a result only $1,000 better than a rejected settlement offer be entitled to recover the full amount of his or her fees?

There is truth in both positions. But the lines they draw are too stark and the considerations they assume, too mechanical. Plaintiff is correct that a mere arithmetical comparison of the amount of the rejected settlement with the result actually obtained is simplistic and sterile; it ignores the real dynamics of litigation and settlement. Defendant is correct that it can be equally unrealistic, and unfair, to require a defendant to pay the full cost of a plaintiff's rejection of a fair settlement offer that approximated, but fell just short of, the award after trial.

■■ The critical consideration, as the legislature has divined with reference to statutory attorney fees, is not arithmetic, but "objective reasonableness." *See* ORS 20.075(1)(f), (2). A plaintiff with a contractually based entitlement to prevailing party attorney fees should not be penalized for an objectively reasonable rejection of a proposed settlement. Conversely, a defendant, who makes an objectively reasonable settlement offer, should not be required to fully fund a plaintiff's unreasonable rejection of that offer and consequent expenditure of fees to secure an incremental gain.

■■ We thus conclude that, in exercising its discretion to determine the amount of attorney fees, a trial court *may*, but need not, consider the parties' conduct during settlement negotiations. If a court considers that factor, it must do so in terms of the objective reasonableness of the parties' conduct. Objective reasonableness must be assessed in light of the parties' circumstances and knowledge at the time the settlement was tendered and rejected and not by some *post hoc* reference to the result actually obtained. The factors to be considered include the cost/benefit criteria that commonly inform settlement decisions: (1) the objectively reasonable likelihood of succeeding on liability, on claims and counterclaims; (2) the objectively reasonable projected range of recovery, on claims and counterclaims; (3) the objectively reasonable projected expense of continuing the litigation; and (4) the objectively reasonable likelihood of recouping those costs, including fees, or of exposure for the opposing party's expenses, as a "prevailing party."[10] Depending on the circumstances, other factors may be relevant.

■ Here, the trial court did not have the benefit of our opinion. Consequently, its consideration of plaintiff's rejection of the settlement offer did not closely correspond to the analysis just described. Nevertheless, the court anticipated the essential feature of our analysis: The court did not merely engage in an arithmetical exercise. Instead, it focused on the "reasonableness" of plaintiff's conduct—and, particularly, on the subjective motivations that underlay plaintiff's decision to reject settlement and to proceed with the litigation:

---

[10] The fourth consideration should be a function of the first.

"One of the factors to be considered in awarding attorney fees is to determine if there is somebody who is totally responsible for or largely responsible I should say for the lawsuit going forward when it need not have gone forward reasonably. In this case, it seems to me that Mr. Erwin was totally responsible for having this case come to trial and going through all of the machinations that the parties and the jury and counsel had to go through to get this matter tried. And so I think that is a factor to be considered. Who is responsible for it?

"* * * * *

"In looking back over the case and what was done, it appears to me that this was almost a feud where the parties' emotions just came into play. But for the emotions it would have been an entirely different thing.

"It seems that one side was in the mode of settling in some ways whether that be arbitration or some other kind of method and it appeared that the other side, the plaintiff, was in the mode of teaching the homeowners a lesson and to in some ways go through this in a vindictive mode."

Implicit in those observations was a determination that an objectively reasonable person, after weighing the usual cost/benefit considerations, would have accepted defendants' settlement offer and that plaintiff did not do so because of "vindictive" motivation. Thus, the court did not err in considering plaintiff's rejection of settlement in fixing the amount of fees.

In his second assignment of error, plaintiff argues that the trial court erred in denying his motion for supplemental attorney fees incurred in successfully resisting defendants' motion for judgment notwithstanding the verdict. Defendants respond that the trial court actually did not deny supplemental fees but, instead, incorporated an award of supplemental fees into the overall attorney fee award.

We disagree. Paragraph 4 of the trial court's supplemental judgment explicitly states, "Plaintiff Erwin's Motion for Supplemental Attorney Fees is DENIED." Defendants' arguments notwithstanding, that language cannot be disregarded. Plaintiff is entitled to fees reasonably incurred in responding to the motion for judgment notwithstanding the verdict, and the court erred in failing to award those fees.

Paragraph 4 of the supplemental judgment vacated and remanded with instructions to award plaintiff fees reasonably incurred in resisting motion for judgment notwithstanding the verdict; otherwise affirmed.