
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KIP O'CONNOR, et al.,

        Plaintiffs - Appellants,

v.

COUNTY OF CLACKAMAS, et al.,

        Defendants - Appellees.

No.   16-35526

D.C. No. 3:11-CV-01297-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted May 7, 2018
Portland, Oregon

Before: RAWLINSON and NGUYEN, Circuit Judges, and SILVER,[**] Senior
District Judge.

Appellants appeal the district court's award of attorney's fees and costs in

favor of Appellees, who were members of a now-defunct Community Planning

Organization ("CPO"). The CPO was a volunteer organization that addressed

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Roslyn O. Silver, United States Senior District Judge for the District of Arizona, sitting by designation.

concerns over land use in Clackamas County, Oregon.  Appellees and the CPO prevailed on all claims, including an Oregon state tort claim for Intentional Interference with Economic Relations ("IIER").  We affirmed.  *O'Connor v. County of Clackamas*, 627 Fed. App'x. 670 (9th Cir. 2015).  For the IIER claim, Appellees were entitled to attorney's fees and costs per Oregon's Anti-SLAPP statute.[1]  Or. Rev. Stat. § 31.152(3).  We granted Appellees' unopposed motion for transfer of fees to the district court.  The district court awarded $77,352.50 in fees to the "CPO Defendants."  This appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.  We reject Appellants' attempt to relitigate the merits of their IIER claim.  Appellants argue that new case law dictates a different outcome, but *Handy v. Lane County* is easily distinguishable.  362 P.3d 867 (Or. App. 2015)*, aff'd in part, rev'd in part on other grounds*, 385 P.3d 1016 (Or. 2016).  In *Handy*, the court held that Oregon's Anti-SLAPP statute did not apply to claims based on alleged violations of public meeting laws because the alleged violations were not "protected activities" under the Anti-SLAPP statute.  *Id.* at 882.  Here, unlike in *Handy*, Appellants failed to show any violation of public meeting laws.  Indeed, the district

---

[1]  "SLAPP" stands for "Strategic Lawsuits Against Public Participation."  Or. Rev. Stat. § 31.150(1); *Mullen v. Meredith Corp.*, 353 P.3d 598, 600 (Or. App. 2015).

court had dismissed the IIER claim because Appellants failed to show a prima facie case for this claim.

For this reason, too, we reject Appellants' contention that the district court's fees award contravenes the public policy underlying Oregon's Anti-SLAPP statute. This statute allows litigants "to expeditiously terminate *unfounded* claims that threaten constitutional free speech rights, not to deprive litigants of the benefit of a jury determination that a claim is *meritorious*." *Staten v. Steel*, 191 P.3d 778, 789 (Or. App. 2008) (emphasis in original). This issue was conclusively decided when we previously affirmed the dismissal of Appellants' IIER claim.

2. We review the district court's award of fees for abuse of discretion. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 898–99 (9th Cir. 2006). The district court did not abuse its discretion.

First, the district court did not fail to account for non-compensable time; its ruling explicitly identified and deducted claims for non-compensable work. Second, the district court reasonably found that Appellants' conduct in pursuing settlement did not impact the fee award. Or. Rev. Stat. § 20.075(1)(f). Given the contentious and lengthy nature of the litigation, it was reasonable to reject Appellants' paltry settlement offers. *Erwin v. Tetreault*, 964 P.2d 277, 282 (Or. App. 1998) (finding that "[a] plaintiff with a contractually-based entitlement to

3

prevailing party attorney fees should not be penalized for an objectively reasonable rejection of a proposed settlement"); *CKH Family Ltd. P'ship v. Holt Homes, Inc.*, No. 17-441, 2018 WL 1536479, at *4 (D. Or. Mar. 29, 2018) (rejecting argument that fees should be reduced based on defendant's "refusal to engage in settlement discussions" given prospect of successful defense). Even assuming that Appellees failed to disclose the settlement offers to the CPO membership itself, the district court did not err in refusing to reduce further the fee award based on such failure.

Finally, we decline to reverse the judgment on the ground that it referenced the "CPO Defendants" rather than distinguishing between the individual defendants who brought the fee motion and the now-defunct CPO itself. On the IIER claim that supports the award, the allegations against the CPO were coextensive with the allegations against Appellees. Appellants fail to show why an award of fees for Appellees would not then satisfy any obligation to the CPO itself.

**AFFIRMED.**