Submitted September 6, 2019; supplemental judgment modifying spousal support affirmed, supplemental judgment awarding attorney fees and costs reversed December 2, 2020

In the Matter of the Marriage of

Sharon Lynn CALLEN,
*Petitioner-Appellant,*
*and*

John Nelson CALLEN,
*Respondent-Respondent.*

Clackamas County Circuit Court
DR11070413; A167105

479 P3d 313

Wife appeals two related supplemental judgments. In the first judgment, the trial court granted wife's motion to modify spousal support but awarded her a lesser amount than she wanted. The modification judgment is affirmed without written discussion. In the second judgment, the trial court made a discretionary award of attorney fees and costs to husband in the amount of $17,714.15, based solely on wife having not been objectively reasonable in settlement negotiations. *Held*: The trial court improperly relied on *post hoc* reasoning to conclude that wife was unreasonable in settlement negotiations and therefore erred in concluding that wife was not objectively reasonable in settlement negotiations.

Supplemental judgment modifying spousal support affirmed; supplemental judgment awarding attorney fees and costs reversed.

Thomas J. Rastetter, Judge.

Sharon Lynn Callen filed the briefs *pro se*.

George W. Kelly filed the briefs for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Supplemental judgment modifying spousal support affirmed; supplemental judgment awarding attorney fees and costs reversed.

**AOYAGI, J.**

Wife appeals two related supplemental judgments. In the first judgment, the trial court granted wife's motion to modify spousal support but awarded her a lesser amount than she wanted. Wife raises multiple assignments of error as to that judgment, which we reject without written discussion, thus affirming the modification judgment. In the second judgment, the trial court made a discretionary award of attorney fees and costs to husband in the amount of $17,714.15, based solely on wife having not been objectively reasonable in settlement negotiations. *See* ORS 107.135(8) (granting the trial court discretion to award attorney fees and costs in a spousal-support modification proceeding); ORS 20.075(1)(f) (listing factors that a court must consider in deciding whether to make a discretionary attorney-fee award, including the "objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute"). As to the second judgment, we agree with wife that the trial court erred in concluding that wife was not objectively reasonable in settlement negotiations, and, because that was the sole basis for the court's award, we reverse the second judgment.[1]

## FACTS

The relevant facts are undisputed. Wife requests *de novo* review, but such review is discretionary, and we decline to provide it in this case, including because it would make no difference to the disposition. *See* ORS 19.415(3)(b) (granting us "sole discretion" whether to allow *de novo* review in equitable proceedings); ORAP 5.40(8)(c) (limiting *de novo* review to "exceptional cases").

In 2013, husband and wife divorced after a 24-year marriage. As part of the dissolution judgment, husband was ordered to pay maintenance spousal support to wife in the amount of $2,700 monthly for three years and then $2,200 monthly for nine years. At the time, husband was earning about $136,000 annually, while wife was unemployed. Wife was in good health, however, other than having an alcohol

---

[1] We reject, however, wife's other assignment of error regarding the second judgment, which relates to wife's own request for attorney fees.

addiction, and the court expected her to obtain employment quickly and to earn $3,250 monthly.

In 2015, wife moved to modify spousal support, based on a substantial and unanticipated change in economic circumstances, specifically that she had become disabled and unable to work while husband's income had increased. Wife initially requested $4,950 monthly (instead of $2,200) for an indefinite term. She later amended her motion to request an amount "just and equitable under the circumstances."

After various delays, a modification hearing was scheduled for November 21, 2017. One month before the hearing—on October 17, 2017—husband made a settlement offer to wife in which he offered to pay $3,200 monthly spousal support, effective September 1, 2017. In support of that number, husband asserted that wife's "physical and emotional problems are a function of her alcohol and opioid abuse," that wife was "in the unique position of being able to control whether or not she is disabled," and that wife is capable of working 15 to 20 hours a week.

In response, wife disputed husband's view of the facts. She strongly disagreed that she could work 15 to 20 hours weekly. Wife asserted that she suffers from chronic pancreatitis and severe psychiatric conditions, that she is both physically and mentally disabled, that she uses opioids in conformance with published guidelines and does not abuse them, and that it was "disrespectful" for husband to claim that she can control being disabled. Wife made a settlement counteroffer of $4,800 monthly spousal support, effective April 1, 2017. Husband rejected wife's counteroffer.

The modification hearing took place as scheduled. Consistent with the parties' settlement communications, two central issues at the hearing were wife's health and her ability to work. On husband's motion, the court had ordered an independent medical examination, including psychiatric testing, to assess wife's medical condition and its effect on her day-to-day functioning and her ability to find and maintain employment. The independent medical examiner testified at the hearing, as did wife's primary care physician, another physician who was treating wife for chronic

pancreatitis, and wife's therapist. It suffices to say that the testimony of all four of those witnesses was more consistent with wife's view of her health and ability to work than with husband's view.

In a letter opinion dated December 20, 2017, the trial court granted wife's motion to modify spousal support, increasing her spousal support from $2,200 to $3,200 monthly, effective May 1, 2017, and making it indefinite. In setting that amount, the court made findings about each party's income and expenses, including resolving the disputed issues about wife's health and ability to work. As to the latter, the court found that wife is disabled, that she has been diagnosed with chronic pancreatitis and several psychiatric disorders, and that she is unable to work. The court further found that wife is an alcoholic and dependent on opioids to control her pain, but that the evidence was insufficient to find that she abuses either substance. Regarding wife's expenses, the court found that wife's uniform support declaration "likely greatly overstated" her utilities and health care expenses, which included expenses for "discretionary matters such as travel," and that wife could reduce her housing expenses by moving from her two-bedroom apartment into a one-bedroom apartment. Ultimately, the court determined that, on the whole, $3,200 monthly was a "just and proper" amount of spousal support.

After the trial court ruled on the merits, each party petitioned for attorney fees and costs. By letter opinion dated December 3, 2018, the trial court granted husband's petition, awarding him $15,000 in attorney fees (which was less than the $34,506.50 that he had requested) and $2,714.15 in costs. The court stated that it was awarding fees and costs to husband based on a single factor in ORS 20.075(1): the objective reasonableness of the parties and their diligence in pursuing settlement of the dispute. ORS 20.075(1)(f). The court explained its reasoning:

> "The court adopts the findings in the opinion letter dated December 20, 2017. In light of those findings, [wife's] settlement proposals were not reasonable and protracted the litigation. The court ultimately ended up awarding

the increase in support that [husband] offered pre-trial, although the effective date awarded by the court was more favorable to [wife] than what was offered."

Thus, the court awarded attorney fees and costs to husband, as a discretionary matter, based solely on wife's unreasonableness in settlement negotiations.

## ANALYSIS

We generally review a trial court's discretionary decision to award attorney fees for abuse of discretion. *See* ORS 107.135(8); ORS 20.075(3). However, "the proper exercise of discretion may be predicated on the trial court's determinations of questions of law or fact—and those determinations, in turn, may implicate independent standards of review." *Niman and Niman*, 206 Or App 400, 415, 136 P3d 1186 (2006); *see also Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016) (a trial court may abuse its discretion if a decision is based on "predicate legal conclusions that are erroneous or predicate factual determinations that lack sufficient evidentiary support"). As relevant here, we review for legal error a trial court's determination that a party was not objectively reasonable in pursuing settlement. *Beaverton School Dist. 48J v. Ward*, 281 Or App 76, 84-85, 384 P3d 158 (2016).

Wife argues that the trial court erred in awarding attorney fees and costs to husband, because there is no evidence that she unreasonably protracted the litigation, particularly when one considers the timing of husband's offer (only one month before the scheduled hearing) and the relative financial positions of the parties. In wife's view, her settlement positions were consistent with restoring the parties' relative post-judgment positions after a change of circumstances, namely, her inability to work because of her disability. *See Aaroe and Aaroe*, 287 Or App 57, 63-64, 400 P3d 1024, *rev den*, 362 Or 300 (2017) ("A court's primary objective in modifying spousal support is to restore the relative, post-judgment positions of the parties after a change in circumstances has altered that relationship."). Husband responds that the trial court did not abuse its discretion in making the award, pointing out that the court ultimately awarded exactly the amount of monthly spousal support that he had

offered in settlement, albeit with an earlier effective date than he offered.

We begin with the critical principle that, if a court considers a party's objective reasonableness in pursuing settlement as a basis to award a discretionary attorney fee, it must make that assessment "in the light of the parties' circumstances and knowledge *at the time the settlement was tendered and rejected* and not by some *post hoc* reference to the result actually obtained." *Erwin v. Tetreault*, 155 Or App 205, 214, 964 P2d 277 (1998), *rev den*, 328 Or 330 (1999) (emphasis added). Here, the trial court compared the result actually obtained by wife—$3,200 monthly spousal support, effective May 1, 2017—to husband's pretrial settlement offer—$3,200 monthly spousal support, effective September 1, 2017—to conclude that wife's position in settlement had been unreasonable. That is precisely the kind of *post hoc* reasoning that is not permitted.

As for the trial court's reference to its December 2017 findings as supporting its conclusion, it is not entirely clear what the court meant, in that those findings were favorable to wife in some regards—particularly on the disputed issues of wife's medical condition, her ability to work, and her alleged substance abuse—and unfavorable to her in others—specifically as to some of her expenses. To the extent that the court was simply incorporating its prior findings as part of its *post hoc* comparison of husband's settlement offer and the court's ultimate award—which appears the most likely case—such reasoning is improper, as already discussed. *See id*. In any event, under the correct legal analysis, which requires viewing the parties' circumstances and knowledge *at the time of the settlement negotiations,* none of the court's findings would be sufficient to support a conclusion that wife was unreasonable in settlement negotiations.

We have said that a party's subjective motivations for deciding to reject a settlement offer and proceed with the litigation can inform the reasonableness of a party's conduct. *Erwin*, 155 Or App at 214-15. In *Erwin*, we pointed to the trial court's explanation that, because the plaintiff was in "vindictive mode," whereas the defendant was in

the mode of settling, the plaintiff was entirely or largely responsible for the lawsuit going forward when it did not have to. *Id*. at 215. We held that the trial court did not err in awarding attorney fees to the defendant because, "[i]mplicit in [the trial court's] observations was a determination that an objectively reasonable person, after weighing the usual cost/benefit considerations, would have accepted defendants' settlement offer and that plaintiff did not do so because of 'vindictive' motivation." In this case, the trial court did not find that wife rejected husband's offer out of vindictiveness or any kind of bad faith, nor could it have so found on this record.

There is also another point to consider when assessing the objective reasonableness of the parties in settlement discussion for a modification of spousal support: A modification of spousal support must be "just and equitable," which is an assessment to be made within the trial court's discretion. *Albrich and Albrich,* 162 Or App 30, 37, 987 P2d 542 (1999) ("The overriding consideration in determining the appropriate amount of spousal support is what is 'just and equitable,' ORS 107.105(1)(d), under the totality of the circumstances."); *Tilson and Tilson*, 260 Or App 427, 432, 317 P3d 391 (2013) ("[W]e review for abuse of discretion the trial court's determination whether and to what extent to modify the award."). Determining an appropriate level of support "is not a matter of applying a mathematical formula." *Hoag and Hoag*, 152 Or App 288, 293, 954 P2d 184 (1998). Given all the financial evidence that the court may consider and the significant discretion that the court ultimately has in setting a "just and equitable" amount, it is not a simple matter to predict how much the court will award in a given case, particularly when there are significant factual disputes relevant to one or both parties' income or expenses. Moreover, in a case such as this one, whatever the court awards may be paid *indefinitely*, subject to further modification only if there is another substantial and unanticipated change of circumstances, which raises different considerations than negotiating a one-time payment. The nature of a spousal support award and the court's significant discretion in setting the amount is necessarily relevant in assessing the reasonableness of a party's willingness to accept a settlement offer versus to

let the court decide what is just and equitable on the whole record.

Here, there was no mathematical formula on which wife could rely to predict what the trial court would actually award in spousal support. The trial court was ultimately persuaded by and relied on an analysis prepared by husband's accountant—based on which the accountant recommended an award of $3,200 monthly—but wife did not have the benefit of that analysis during settlement discussions. Moreover, several hotly contested factual issues regarding wife's health and ability to work could affect the court's ultimate award. The court decided each of those factual disputes in wife's favor. It decided some lesser factual issues in husband's favor, particularly regarding wife's expenses, but it was not unreasonable for wife to seek an award that did not require her to move into a smaller apartment or cut her travel expenses. *See Cullen and Cullen*, 223 Or App 183, 190, 194 P3d 866 (2008) (stating that the primary purpose of maintenance support in a long-term marriage is to provide a standard of living like the one enjoyed during the marriage). As for wife's utilities, nothing in the evidentiary record would allow a conclusion that wife's expenses for utilities were so exaggerated as to themselves make wife's settlement position unreasonable.

In sum, the trial court improperly relied on *post hoc* reasoning to conclude that wife was unreasonable in settlement negotiations. Moreover, under the correct legal analysis, the record is insufficient to support that conclusion. Because the court made a discretionary award of attorney fees and costs to husband based solely on that one factor, we reverse the second supplemental judgment.

Supplemental judgment modifying spousal support affirmed; supplemental judgment awarding attorney fees and costs reversed.