120 November 19, 2025 No. 999

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Julio Oscar Larios RAMIREZ,
*Petitioner-Appellant,*
*and*

Delia Mata HERNANDEZ,
*Respondent-Respondent,*
*and*

Maria C. Leos MATA,
*Interested Party.*

Washington County Circuit Court
21DR18614; A182212

D. Charles Bailey, Jr., Judge.

Submitted June 6, 2025.

Jeffrey D. Smith filed the brief for appellant.

Sandra P. Naranjo filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Portion of supplemental judgment awarding $1,911 in deposition costs reversed; otherwise affirmed.

**O'CONNOR, J.**

In this marital dissolution case, husband appeals from the trial court's supplemental judgment awarding fees and costs to wife. In his first assignment of error, husband asserts that the trial court erred when it awarded $1,911 in costs described as "Court Reporter-Deposition." In his second assignment of error, husband argues that the trial court erred when it awarded attorney fees, costs, and expenses to wife based on what husband claims was a *post hoc* analysis, which, he asserts, is not permitted. For the reasons explained below, we agree with husband regarding his first assignment of error and reverse the trial court's award of $1,911 in costs of a deposition. We reject defendant's second assignment of error and affirm the trial court's award of remaining fees, and costs.

## FACTS

Husband and wife were married in 2012. However, they did not begin to live together until 2015. Husband and wife did not have any children together. Wife owned real property and a daycare business, which she had acquired before she married husband. Before their marriage, husband and wife verbally agreed that they would keep their finances separate.

Husband and wife entered into a postnuptial agreement in December 2016.[1] The postnuptial agreement stated, in part, that wife would retain premarital real property, the daycare business, and certain vehicles.

Husband initiated divorce proceedings in October 2021. During the pendency of this case, husband contested the validity of the postnuptial agreement on the grounds that he did not understand what he was signing. The postnuptial agreement was written in English, which is not husband's primary language. But husband testified that he was able to pass multiple courses in English without the aid of an interpreter. Husband also testified that he passed his U.S. citizenship test in English. Husband stated that he

---

[1] The agreement was reflected in a General Judgment of Unlimited Legal Separation that was filed with the court under a separate case number. The parties refer to it as a postnuptial agreement, and we do the same.

had a draft of the postnuptial agreement for approximately 45 days before he signed it. Wife claimed in the trial court that husband consulted an attorney about the postnuptial agreement. Husband denied consulting with a lawyer in his testimony. Husband testified that he consulted two people in his church about the postnuptial agreement before signing it.

During the divorce hearing, husband admitted to falsifying bank statements that he submitted to wife during discovery and to the court. Husband testified that he knew that the postnuptial agreement was a legal document, that no one forced him to sign it, that no one stopped him from seeking legal advice, no one stopped him from having the postnuptial agreement translated, and that he had time to have an attorney review it for him.

The trial court issued a written decision after the divorce trial. The court concluded that the postnuptial agreement was enforceable and distributed the marital assets accordingly. The trial court found that husband had falsified documents and financial information, gave false or misleading testimony, and otherwise withheld information. The trial court also found that wife was not forthcoming and avoided answering questions from husband or the court.

Wife filed a Statement for Attorney Fees and Costs in which she sought $45,486.00 in attorney fees and $3,122.95 in "expenses." As part of the $3,122.95 in expenses, wife claimed $1,911 for "Court Reporter-Deposition." Husband disputed wife's claims for attorney fees on the grounds that his dispute of the postnuptial agreement was reasonable, and wife's settlement offers were unreasonable. The trial court granted wife's request for fees in its entirety. In a written order, the court stated that it agreed with and adopted all reasons wife stated in her request. The court emphasized that husband should have known that he would not likely prevail in his challenge to the postnuptial agreement and thus would not be awarded a share of wife's premarital real property. The court also explained that the court and wife's counsel had to spend additional time and resources on the case because of the fraud that husband committed on the court.

## ANALYSIS

*Award of deposition fees.* In his first assignment of error, husband argues that the trial court erred in its award of $1,911 for court reporter fees to wife because a court may not award costs for depositions. Wife argues for the first time on appeal that the claimed expense was a fee for interpreter services, and the trial court had authority to award her that amount in costs.[2] Whether the trial court improperly awarded deposition fees in violation of ORCP 68 presents legal question which we review for an error of law. *O'Neal and O'Neal*, 158 Or App 431, 433, 974 P2d 785 (1999) ("[W]hether the trial court erred in failing to follow the procedure of ORCP 68 is a question of law."); *see also Laack v. Botello*, 338 Or App 333, 342, 567 P3d 474, *rev den*, 374 Or 143 (2025) (explaining that we "'normally review the amount of an award of costs for abuse of discretion, but, to the extent the court's decision is based on its interpretation of an agreement or statute, we review for error of law'") (quoting *Butler Block, LLC v. AGNI Group, LLC*, 240 Or App 548, 552, 250 P3d 924 (2011)).

Oregon Rule of Civil Procedure 68 A(2) governs a trial court's award of "costs and disbursements." The rule provides, in relevant part, that "[t]he court, acting in its sole discretion, may allow as costs reasonable expenses incurred by a party for interpreter services. The expense of taking depositions shall not be allowed, even though the depositions are used at trial, except as otherwise provided by rule or statute." ORCP 68 A(2).

Here, wife's Statement of Attorney Fees and Costs identifies $1,911 of the $3,122.95 in expenses for "Court Reporter-Deposition." There is no evidence in record that supports wife's claim that the expense was for an interpreter. Rather, the expense is expressly identified in wife's request for fees and costs as a court reporter for a deposition. A trial court "shall not" allow the expense of taking a deposition as costs under ORCP 68 A(2). Thus, that portion of the award was in direct conflict with the plain text of the

_____

[2] Wife also argues that husband did not preserve the arguments he makes on appeal. However, a review of the record shows that the arguments he makes on appeal are preserved in his objection to wife's Statement of Attorney Fees.

rule, and trial court erred in awarding that cost in the supplemental judgment.

*Award of attorney's fees and costs to wife*. In his second assignment of error, husband argues that the trial court improperly based its decision to award attorney's fees and costs based on a "*post hoc* reference to the result actually obtained[,]" rather than the parties' "circumstances and knowledge at the time the settlement was tendered and rejected." *Callen and Callen*, 307 Or App 714, 719, 479 P3d 313 (2020) (internal citation omitted). Husband argues that his challenge to the postnuptial agreement was not frivolous, even though the trial court ultimately sided with wife. If the postnuptial agreement was not binding, husband argues, then wife's settlement offers were unreasonable.

In response, wife argues that the trial court properly awarded the fees because of husband's fraud on the court, which resulted in the waste of resources through unnecessary litigation. Wife argues that the court properly considered that there was ample opportunity to settle this case, and that her settlement offers were reasonable. Wife contends that the trial court determined that husband should have known that the postnuptial agreement would have been upheld, but that it also stated that the fees and costs were awarded based on "blatant fraud on the court requiring additional time and resources" which is proper under the factors enumerated in ORS 20.075.

We review a trial court's award of attorney's fees, costs, and expenses for abuse of discretion. *Callen*, 307 Or App at 718. "However, the proper exercise of discretion may be predicated on the trial court's determinations of questions of law or fact—and those determinations, in turn, may implicate independent standards of review." *Id.* (internal quotation marks omitted). Here, husband's challenge on appeal challenged the trial court's conclusion that he was not objectively reasonable in pursuing settlement. A trial court's conclusion that a party was not objectively reasonable in pursuing settlement is a legal conclusion that we review for legal error. *Id.* (internal citation omitted). That legal conclusion, in turn, rests on factual findings. We review a trial court's factual findings for any evidence in the record

to support them. *R. M. v. McNeer*, 341 Or App 425, 432, 575 P3d 137 (2025) (internal citation omitted). "When a trial court does not make express factual findings, we presume that the facts were decided in a matter consistent with the trial court's ultimate conclusion so long as there is evidence in the record to support those implicit findings." *Id*. (internal citations omitted).

A trial court may award reasonable attorney fees, costs, and expenses reasonably incurred in a divorce action in favor of a party or in favor of a party's attorney. ORS 107.105(1)(j). ORS 20.075(1) provides a list of factors that the trial court shall consider in its decision to award fees, including "[t]he conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal;" "the objective reasonableness of the claims and defenses asserted by the parties;" "the objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings;" and "such other factors as the court may consider appropriate under the circumstances of the case." If a court considers a party's objective reasonableness in pursuing settlement as a basis to award attorney fees, it must make that assessment "in the light of the parties' circumstances and knowledge at the time the settlement was tendered and rejected and not by some *post hoc* reference to the result actually obtained." *Callen*, 307 Or App at 719 (internal quotation marks and emphasis omitted).

Here, the trial court adopted wife's arguments in its written order to award her attorney's fees and costs. The trial court also explained that "the main reasons [for awarding wife attorney's fees and costs] are that [husband] should have known that he would not likely prevail on a few of the properties due to the post-nuptial agreement and his blatant fraud on the court required additional time and resources from [wife's] counsel." The trial court had already concluded in its written order on dissolution that the parties had entered into "a legally enforceable post-nuptial agreement which was entered by the court" in 2017.

The trial court did not err when it concluded that husband was not objectively reasonable in pursuing settlement negotiations. Husband argues that the trial court impermissibly employed *post hoc* reasoning because it was unclear whether the post-nuptial agreement was enforceable and husband's decisions to reject wife's settlement offers were reasonable given that uncertainty. In *Patterson and Kanaga* (*Patterson I*), 206 Or App 341, 136 P3d 1177 (2006), we concluded that a trial court erred when it concluded that a separation agreement unambiguously applied in a dissolution proceeding, and we reversed for the trial court to take extrinsic evidence on the parties' intent. Husband relies on the analysis in *Patterson I* in support of his argument that it was objectively reasonable for him to reject wife's settlement offers in the hope that extrinsic evidence would persuade the trial court that the postnuptial agreement was invalid. If wife could not enforce the agreement, husband argues, he would have been entitled to significantly more than wife offered him in settlement.

Our decision in *Patterson I* turned on our conclusion that the separation agreement was ambiguous because it could plausibly be interpreted to apply to the dissolution proceeding or to apply only the parties' period of separation. 206 Or App at 351. On remand, the trial court considered extrinsic evidence and concluded that the parties intended the separation agreement to control the division of their property at dissolution. *Patterson and Kanaga*, 242 Or App 452, 463, 255 P3d 634, *rev den* 351 Or 216 (2011) (*Patterson II*). The husband appealed again, and we affirmed.

Here, husband argues that he reasonably litigated the enforceability of the agreement because he did not understand its terms when he entered into the agreement and the parties continued to live together for a time. The trial court found, however, that husband "gave false or misleading testimony and withheld information at times" in addition to "falsifying documents and financial information." The trial court's findings support its conclusion that husband did, in fact, understand the agreement when he entered into it and that he was not truthful when he claimed he did not understand the agreement. That is not impermissible *post hoc*

reasoning of the sort prohibited in *Callen*. Husband does not develop a separate argument that terms of the agreement itself were ambiguous. The trial court did not err when it relied on husband's rejection of wife's settlement offers as one reason to impose attorney fees and costs.

The court's order reflects that the court based its decision on the required statutory factors under ORS 20.075. The court did not abuse its discretion when it awarded attorney's fees and costs to wife, other than the expense for depositions discussed above.

Portion of supplemental judgment awarding $1,911 in deposition costs reversed; otherwise affirmed.