No. 565 June 17, 2026 759

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Brigitte Doris HAMILTON,
*Petitioner-Respondent,*
*and*

Brody Lance HAMILTON,
*Respondent-Appellant.*

Marion County Circuit Court
21DR21405; A179632

Audrey J. Broyles, Judge.

Submitted December 5, 2024.

Chelsea D. Armstrong and Armstrong Chai, LLC filed the brief for appellant.

Lauren Saucy filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

Husband appeals from a judgment of dissolution of marriage. He asserts two assignments of error, arguing that the trial court erred by (1) denying him any maintenance spousal support, and (2) awarding wife attorney fees. Husband requests *de novo* review. He argues that the trial court abused its discretion because it did not use the proper statutory analysis for determining the amount of his spousal support award, and that considerations of equity did not support requiring him to pay $35,000 of wife's attorney fees. We decline to review *de novo* and affirm.

## I.   BACKGROUND

### A.   *Standard of Review*

As a preliminary matter, ORS 19.415(3)(b) grants us discretion to review an equitable proceeding such as this one *de novo*. We conclude that this is not an "exceptional case" that overcomes the "presumption against the exercise of discretion." ORAP 5.40(8)(c).

The determination of what amount of spousal support is just and equitable is discretionary. *Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012). We review the trial court's factual findings for any evidence in the record and its discretionary determinations for abuse of discretion. *Id.* A trial court abuses its discretion in determining a spousal support award if the court misapplies the statutory and equitable considerations in ORS 107.105(1)(d). *Id.*

### B.   *Facts*

The parties agree on the material facts regarding their marriage. Husband and wife were married in 2002. They had two children, one born in 2007, the other in 2010. Both husband and wife had the same employment for most of the marriage. Wife had been employed at SAIF since 2001, beginning as an administrative assistant and working her way up to her current position as Director of Business and Software Solutions. Husband had been employed by Suburban Water District since 2007 and had remained in the same position during his time there. At the time of dissolution, wife's gross salary was $15,258.79 per month, with

a net pay of $9,078.31 per month, and husband's gross wages averaged $5,676.33 per month, with a net pay in the range of $3,900–$4,250 per month. The court also found that husband made additional income from gambling and crypto currency investments, although it did not assign a monetary value to that additional income because it determined it did not have sufficient records to ascertain an average monthly amount. The court did not consider that additional income when calculating child support but did consider it when assessing husband's earning potential for calculating spousal support. The court ultimately ordered husband to pay wife $629 a month in child support and for husband to receive no spousal support.

In its order deciding spousal support, the trial court made the following relevant findings:

"Regarding his request for maintenance spousal support, while this is a long term marriage and Wife may at this time have a higher monthly income than Husband, the court finds no other criteria weigh in favor of Husband's requested award. Husband did not function as a homemaker at any time during the marriage, Husband worked through the entirety of the marriage and was not out of the job market for any significant period of time, and Husband did not defer any opportunity to advance his own career to support either Wife or the family. At this time Husband has income from his current employment that alone would make him fully self supporting. The court has articulated repeatedly that the goal in an award of spousal support is not to equalize the parties' income. More importantly in this case, the court finds that Husband has historically generated income from his investing that adds to his available resources. Husband will continue to do so moving forward. While the court has not added a specific dollar amount to that figure in setting Husband's income for child support calculation purposes, the court finds that such investment income is significant and adds to Husband's available resources. In addition, Husband is currently qualified for higher paying jobs with no further training. Husband, through these other opportunities, could add even more to resources available to his monthly discretionary spending. The fact that Husband has made no efforts to pursue better paying employment opportunities is Husband's choice, but it would be inappropriate to require Wife to supplement

Husband's current income. Finally, the court finds that Wife will have significant custodial and parenting responsibilities post-divorce, which will limit or eliminate any ability for Wife to pay a spousal support award. An award of spousal maintenance is therefore inappropriate in this case."

In the court's subsequent finding, which determined parenting time and distribution of marital assets, it stated, "The court adopts the facts, reasoning, and legal argument set out in Wife's trial memorandum as if more fully set forth as the court's ruling herein, other than Wife's proposal to allow Husband immediate alternating weekend parenting time" and expressed that it was "concerned that Husband purposefully manipulated valuation of various accounts through not providing documents (his recent savings statements), and providing evidence of account balances (crypto) that showed no documented dates ***."

Shortly after the general judgment was entered, wife requested attorney fees, claiming she was entitled to an award of reasonable attorney fees under ORS 20.075 and ORS 107.105. Husband objected to her statement of attorney fees. The court considered the parties' arguments and exhibits and concluded that husband had taken unreasonable positions, adopting the statements in affidavits attached to wife's statement of attorney fees as its findings, and awarding wife $35,000 in attorney fees. Husband timely appealed both the dissolution judgment and the award of attorney fees.

## II.   ANALYSIS

A.   *Spousal Support*

Husband argues that the trial court abused its discretion when it awarded him no spousal support despite the difference in income between him and wife. We disagree.

Our standard of review requires us to accept the trial court's factual findings as true if there is any evidence to support them and review its discretionary determinations with deference. *See Berg*, 250 Or App at 2. Furthermore, "[i]f the trial court did not make express findings on a particular issue in dispute, we assume that the trial court found the facts in a manner consistent with its ultimate conclusion."

*Varro and Varro*, 300 Or App 716, 717, 454 P3d 35 (2019) (internal quotation marks omitted). Based on that standard, we conclude that the trial court did not misapply the statutory and equitable framework of ORS 107.105.

ORS 107.105(1)(d) designates three categories of spousal support: transitional support, which is intended to help a spouse attain education and training to prepare for reentry into the job market; compensatory support, which is awarded when one spouse has made a significant financial or other contribution to the education, career, or earning capacity of the other party; and maintenance support, which is intended "to enable the parties to live separately at a standard of living not overly disproportionate to that enjoyed by them during the marriage, to the extent possible." *Hendgen and Hendgen*, 242 Or App 242, 250, 255 P3d 551 (2011) (internal citations omitted). ORS 107.105(1)(d)(C) provides the following factors for the court to consider when determining an award of maintenance spousal support:

"(i)   The duration of the marriage;

"(ii)   The age of the parties;

"(iii)   The health of the parties, including their physical, mental and emotional condition;

"(iv)   The standard of living established during the marriage;

"(v)   The relative income and earning capacity of the parties, recognizing that the wage earner's continuing income may be a basis for support distinct from the income that the supported spouse may receive from the distribution of marital property;

"(vi)   A party's training and employment skills;

"(vii)   A party's work experience;

"(viii)   The financial needs and resources of each party;

"(ix)   The tax consequences to each party;

"(x)   A party's custodial and child support responsibilities; and

"(xi)   Any other factors the court deems just and equitable."

Here, the trial court expressly or implicitly tracked those factors in making its determination. In Finding 15, the court stated, "Regarding his request for maintenance spousal support, while this is a long term marriage and Wife may at this time have a higher monthly income than Husband, the court finds no other criteria weigh in favor of Husband's requested award." The trial court's oral remarks and wife's trial memo—parts of which the trial court incorporated by reference into its findings—support the specific findings for the equitable factors. Husband and wife were 46 at the time of dissolution, meaning they both had many years of earning capacity ahead of them. While the court did express concern for husband's mental health, those concerns were focused on the impact on husband's relationship with his children and the court gave no indication that it found that those concerns impacted husband's ability to support himself. There was evidence that the family's standard of living was comfortable and included modest vacations, athletic pursuits, and entertainment, however the family had also incurred substantial credit card and tax debt, even with their combined incomes. With regards to earning capacity, the court noted that husband had at times made significant additional income with his crypto currency investments, and the court found that husband was manipulative in his testimony and potentially hiding cash, crypto currency, or other marital assets. The court specifically expressed frustration with the quality of the documentation of husband's investment accounts, finding that some of those documents had no dates or were not provided at all, which impeded the court's ability to accurately determine how much money to attribute to husband's investment income. The court also found that husband would need no further training or education to pursue higher paying employment opportunities in his field, and moreover, that husband's current employment was enough to keep him fully self-supporting. We can further infer that the court considered the tax implications of wife having to pay the tax on spousal support payments at her higher tax bracket as argued in wife's trial memorandum and found that that factor favored no spousal support award. Last, the court gave husband no parenting time with the children and found that wife would have significant

custodial and parenting responsibilities post-divorce, which reduced her ability to pay spousal support.

Given that the record supports the trial court's express and implicit findings regarding the ORS 107.105(1)(d)(C) factors to determine maintenance support, the court did not abuse its discretion in awarding husband no spousal support.

Husband nevertheless argues that the court did abuse its discretion because it did not adequately analyze the statutory factors, focused on factors that were either unrelated to spousal support or were factors that were appropriate considerations to other categories of support, and made unsupported findings regarding husband's earning potential. As discussed above, we determine that the court expressly or implicitly made findings on the statutory factors for maintenance support. Husband's second argument is a closer question; however, we conclude that the court did not abuse its discretion by considering additional factors. Husband argues that the trial court misapplied the statutory and equitable factors of ORS 107.105(1)(d)(C) because the court's order and oral rulings repeatedly focused on factors more related to compensatory spousal support and what the court felt husband "deserved." Some of the trial court's oral statements focused on how wife had "earned" her money and was entitled to spend it. Additionally, the court stated that it believed husband did not meet the "thresholds" to qualify under the law for spousal support, despite the governing statute, ORS 107.105(1)(d), having no threshold requirements. The trial court further reasoned that that husband did not function as a homemaker, never deferred any opportunity to advance his own career to support wife or his family, and that wife worked her way from an entry-level position to a director while husband's career has been largely static—factors that are more relevant to an award of compensatory spousal support under 107.105(1)(d)(B).

While we agree with husband that those factors are not among the enumerated statutory factors for determining maintenance support, ORS 107.105(1)(d)(C)(xi) provides that the court may consider "[a]ny other factors the court deems just and equitable." Moreover, the court's consideration of

those additional factors did not undermine its analysis of the enumerated statutory factors which, as discussed above, supported its exercise of discretion to award no spousal support to husband.

Last, husband's argument that the court improperly determined that his earning potential was higher than his salary due to his crypto currency investments presents a close question but we conclude that the court did not err because (1) the court clearly stated that while it did believe husband had access to more funds, he was self-supporting on his salary alone and (2) the trial court's inability to identify a specific amount of additional funds was due in large part to insufficient documentation of husband's investments.

First, irrespective of its other findings, the court's finding that husband could be self-supporting based on his current salary was supported by evidence in the record. While husband's uniform support declaration showed that his costs outweighed his income, that was also true of wife's uniform support declaration, essentially showing that both parties had been living outside their means and would likely have to make sacrifices to their standard of living. The court concluded that, based on husband's salary and wife relieving husband of many expenses related to their marital debt and their children, he would be able to maintain a proportional standard of living.

Second, we have concluded in prior cases that a court may determine that a party's "earning potential" is higher than the party's income at the time of dissolution, so long as the assessment of earning potential is based on more than mere speculation. For example, in *Hendgen*, we reversed the trial court's assessment of spousal support that was based on the likelihood that the husband would have additional income in the future. 242 Or App at 250-51. There, the husband's income at the time of the dissolution was entirely passive income from property he owned. *Id.* at 249. We determined that the husband *did* have an earning capacity above his current income because he could (and was likely to) start working again, but we nevertheless reversed, concluding that "it would be pure speculation to

place a dollar figure on what that additional income might be." *Id.* at 250.

Husband's situation, at first glance, appears similar to the one in *Hendgen*; however, unlike in that case, here, husband was actively engaged in the income generating activities (investing, gambling) at the time of dissolution. It was not activity he might choose to do to supplement his income in the future like the husband in *Hendgen*. Wife provided testimony and evidence in the form of the family's tax documents, which showed that husband's investment and gambling income contributed to their taxable income. That the court struggled to identify a dollar amount that it could properly attribute to husband's investment income was due to husband providing poor documentation of the investment accounts. The court found that husband's crypto currency account statements lacked credibility because they were undated and thus the court could not determine whether husband had provided a full, accurate accounting of those investments. The court also found that husband lacked credibility and that he was potentially hiding and manipulating his cash, funds, and crypto currency resources. Husband's equivocal and evasive statements regarding his use of marital funds, the past profitability of his investments, and the shortcomings in his documentation of his crypto currency are sufficient evidence to support the trial court's finding that husband's earning potential was higher than his salary.

Accordingly, we affirm the court's denial of spousal support.

B.  *Attorney Fees*

We review a trial court's discretionary decision to award attorney fees for abuse of discretion. *See* ORS 107.135(8); ORS 20.075(3). When a trial court's discretion is based on its determination of predicate questions of law and fact, those predicate questions may implicate independent standards of review. *Callen and Callen*, 307 Or App 714, 718, 479 P3d 313 (2020). We will accept the trial court's factual findings if there is any evidence in the record to support them. *Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 116, 376 P3d 960 (2016). Whether a party's conduct is objectively

unreasonable is a question of law, which we review for legal error. *Callen*, 307 Or App at 718.

Husband argues that the trial court abused its discretion by awarding wife $35,000 in attorney fees. We disagree because the trial court's factual findings that husband knew his proposed parenting plan might further damage his relationship with his children and that husband's manipulation and possible hiding of marital assets was intended to mislead the court show that husband's positions were unreasonable.[1] Subsequently, the trial court did not err by finding that husband's unreasonable positions protracted the litigation, increasing the amount of fees that wife accrued, and that paying wife's attorney fees would appropriately deter husband from taking unreasonable positions in the future. Finally, the trial court did not err by finding that husband would be able to pay the attorney fees from the equalizing payment he received. Because we conclude that the trial court's legal conclusions and factual findings underpinning its award of fees were supported, the trial court did not abuse its discretion. As a result, we affirm the court's attorney fee award.

Affirmed.

---

[1]  Husband argues his positions were reasonable by comparing his proposed positions to wife's settlement offers, stating that the fact that his proposals for parenting time and spousal support were moderately higher does not make them *unreasonable* based on his knowledge at the time.  However, husband's argument does not address the court's findings that underly our decision here.