[Filed April 30, 1891.]

## JACKSON MUNROE *v.* EDITH MUNROE.

MARRIAGE AND DIVORCE — FRAUD — CASE IN JUDGMENT. — Facts examined and held that plaintiff was entitled to a decree dissolving the marriage, and also for $1,487 and interest, money advanced at defendant's request before said marriage, upon the fraudulent representations and statements of the defendant.

Washington county: F. J. TAYLOR, Judge.

Plaintiff appeals. Reversed.

This is a suit for divorce. The plaintiff has also joined in the same suit a claim to recover $1,487 advanced by him at the defendant's request to pay off a certain mortgage on real property in Washington county then owned by defendant's mother, and for other equitable relief. It is charged that the defendant induced the plaintiff to pay and advance $1,487 by means of fraudulent statements, promises and representations, all of which are particularly alleged. The answer denies most of plaintiff's allegations, and then recriminates desertion of the defendant by the plaintiff, and there is no objection that there is a misjoinder of causes of suit. The court dismissed the complaint, as well as the defendant's cross-complaint, from which decree dismissing the complaint the plaintiff has appealed.

*S. B. Huston,* and *W. B. Gilbert,* for Appellant.

*T. H. Tongue,* for Respondent.

STRAHAN, C. J.—After carefully considering the evidence in this case, we have no doubt that the plaintiff is entitled to a decree of divorce on the ground of desertion. The parties were married at Vancouver and returned to Portland where they spent one night together and then the defendant returned to her home in Washington county and never thereafter lived with the plaintiff, and it satifactorily appears from all the circumstances that at the time of the marriage she did not intend to live with him. It is unnecessary to recapitulate the evidence. It must be painful enough in its details to both parties.

The plaintiff must also have a decree for the $1,487 and

its interest. Justice would not be complete without it. This money was advanced at the request of the defendant upon the most delusive hopes and promises, which she did not intend to fulfil, but they were made only for the purpose of overreaching the plaintiff and obtaining his money. Under the circumstances the so-called release executed at the moment of the marriage ceremony cannot be permitted to stand in the way of this result. It was a part and parcel of the same fraudulent means and purpose which characterized the defendant's conduct with the plaintiff in all of these transactions.

Let the decree of the court below be reversed and a decree be entered here in accordance with this opinion.