Submitted on brief June 4, modified June 24, 1919.

## RAILSBACK v. RAILSBACK.*

### (182 Pac. 131.)

**Pleading—Complaint—Sufficiency—Question Raised on Appeal.**

1. Where defendant did not demur to a complaint in divorce, but went to trial upon a simple denial that accusations of infidelity were made, the complaint must be held sufficient as against objection urged upon appeal that it does not allege that the accusations were made by defendant with intent to wound plaintiff's feelings.

**Divorce—Cruel and Inhuman Treatment—Evidence—Sufficiency.**

2. In divorce suit by the husband, evidence of defendant's jealousy and cruel and inhuman treatment, consisting in part of false accusations of plaintiff's infidelity, *held* sufficient to justify a decree for plaintiff.

[As to definition of cruelty in divorce action, see note in 65 Am. St. Rep. 69.]

**Divorce—Settlement of Property Rights—Repayment of Money Used by Plaintiff Husband.**

3. Where a divorce is granted to the plaintiff husband, and it appears from the testimony that shortly after their marriage the defendant wife received $3,000, at least a part of which was spent in assisting the plaintiff in business, although defendant's acts probably prevented plaintiff from earning as much money as he otherwise would, he should be required to make such payment to her as would be an equitable squaring of the account.

From Multnomah: WILLIAM N. GATENS, Judge.

In Banc.

This was a suit for divorce. The complaint alleged that plaintiff had ever been mindful of his marriage vows, and had treated defendant as a wife in her station in life should be treated; that defendant had heaped upon him personal indignities, which are specified as being extremely jealous and insisting that plaintiff was associating with and committing adultery with numerous women; that plaintiff is a life insurance solicitor, and she insisted that it was neces-

---

*The question as to whether making charges of adultery is ground for divorce is discussed in notes in 18 L. R. A. (N. S.) 300 and 34 L. R. A. (N. S.) 360.                                    REPORTER.

sary for her to accompany him, while he was soliciting insurance, in order—as she claimed—to keep plaintiff from flirting and committing adultery with various women. The particular specifications as to her accusations of lewd conduct and cruel treatment, are set forth in detail and distinguished by the letters of the alphabet, beginning with "a" and ending with "m," and need not be recited in detail. They include accusations of adultery, made to his friends and employers, causing him to lose employment; charges that he pointed a gun at her, thereby causing her to have a miscarriage; interfering in his business in such a way that his employees deserted him and refused to work with him or for him; threatening to emasculate him, and generally and continually nagging him, swearing at him and using abusive epithets to him.

The answer denies all these charges and alleges that defendant, upon her marriage, had $3,000, which plaintiff has used and which he refuses to repay; that plaintiff is a flirt and has always annoyed and embarrassed defendant by reason of his conduct with other women, and that she is very much in love with plaintiff and asks that the suit be dismissed.    MODIFIED.

For appellant there was a brief submitted over the name of *Messrs. Nolan & King.*

For respondent there was a brief submitted over the name of *Messrs. Davis & Farrell.*

McBRIDE, C. J.—1, 2. It is urged that the complaint is defective in that it does not allege that the accusations made by defendant were made with the intent to wound his feelings, but the defendant did not demur, but went to trial upon a simple denial that the accusations were made. Under the circumstances we

think the complaint is sufficient. The evidence shows that she had repeatedly accused him of lewd conduct with various women, and there is not a particle of testimony outside of her own surmises to indicate that these accusations are true. In fact, the testimony indicates that in spite of continual jealousy, outbursts of rage, and defamation, plaintiff bore with defendant's conduct patiently until it appeared impossible for him to conduct his business and live with her. She is evidently of a nervous disposition and easily moved to jealousy, and when in these moods disposed to be reckless and violent in her language. How far her conduct was influenced by imaginary "spiritual" communications, in regard to her husband's infidelity, cannot be known, but it is probable that the mythical "dark woman" in the spirit land who, as she told one witness, had informed her that her husband was "always running after other women," had something to do with exciting her jealousy. It is difficult to see how any spirit, light or dark, could have instigated her to tell one of her friends, as she did, that her husband had pointed a gun at her and thereby caused her to miscarry, when nothing of the kind happened. It is obvious that no man could live with her happily, or indeed at all, and keep his senses. While we sympathize with her unhappy temperament, we do not feel justified in compelling plaintiff to endure the consequences of it.

3. There is one thing however we think, in justice, plaintiff ought to do, and that is to make good the money which defendant brought to the marriage. We think the court had a right under the pleadings to require the plaintiff to pay the defendant $150, but it appears from the testimony that he received $3,000

shortly after the marriage, and at least a part of it was spent in assisting plaintiff in business. While defendant's statements are not entirely reliable, as to what was spent by her for her own purposes and what was used to assist her husband, and while it is true her conduct has probably prevented him from earning as much money as he otherwise would, yet we think a repayment to her of $650 would be an equitable squaring of the account.

The decree will, therefore, be modified so as to require plaintiff to pay to the defendant $150 on or before September 1, 1919, and $100 on September 1st of each of the following years until the sum of $650 shall have been paid in full. In all other respects the decree of the Circuit Court is affirmed. Neither party will recover costs.        MODIFIED.