Submitted on briefs January 13, modified January 31, 1928.

# EDNA A. KELLOGG *v.* EDWARD J. KELLOGG.

### (263 Pac. 385.)

**Divorce—Falsity of Charge in Plaintiff's Complaint for Cruelty Discredits Other Charges.**

1. In wife's suit for divorce for cruelty, where wife was discredited on a positive material statement in her complaint that husband failed to provide food and clothing and spent money in poolroom, other charges made by wife were discredited.

**Divorce—Property Purchased by Wife, Procuring Advances from Husband by Representing That Title Would be Taken Jointly, was Properly Impressed With Lien for Advances on Divorce Awarded Husband.**

2. In suit for divorce, evidence showing wife procured various sums from husband, under representation that title to apartment house properly purchased with funds of husband and wife would be taken in names of both husband and wife, justified court impressing lien on apartment house property until sums procured from husband obtaining divorce were repaid.

**Judgment — Statute Requiring Decisions Within Three Months After Submission Held not to Invalidate Judgment Rendered After Three Months Period (Or. L., § 970—1).**

3. Section 970—1, Or. L., requiring judges to render decisions within three months of time cases are submitted, and to file affidavits that such has been done before any officer of state shall issue warrant for payment of judge's salary, does not invalidate judgment or decree rendered by judge after three months period of time has expired; purpose of statute being to speed up administration of judicial business.

1. See 28 R. C. L. 659.

Appeal and Error—False Certificate by Judge That Decree was Rendered Within Three Months After Submission Held not Basis for Reversing Decree (Or. L., § 970—1).

4. Under Section 970—1, Or. L., making false certificate by judge that decisions have been rendered by him within three months after submission of cases cause for removal, such certificate is not basis for reversal of decree rendered more than three months after submission of case.

Divorce—Lien on Wife's Realty for Advances to Wife Should be Reduced One Third, Where Husband, Procuring Divorce, was Granted One-third Interest in Wife's Realty (Or. L., § 511).

5. Where husband, procuring divorce, was awarded one-third interest in wife's real property, pursuant to Section 511, Or. L., and lien was impressed on part of realty for amount of advances made by husband to wife and used in purchasing such realty, wife was not required to discharge entire amount of lien, but amount of lien should be reduced by one third.

---

Divorce, 19 C. J., p. 142, n. 52, p. 334, n. 47, p. 337, n. 93 New. Trial, 38 Cyc., p. 1951, n. 97.

From Klamath: A. L. LEAVITT, Judge.

In Banc.

MODIFIED.

For appellant there was a brief over the names of *Mr. W. H. A. Renner* and *Mr. C. F. Stone.*

For respondent there was a brief over the name of *Mr. H. M. Manning.*

ROSSMAN, J.—This is a suit for divorce. As grounds for her suit the plaintiff alleged drunkenness and cruel and inhuman treatment. The latter charge consisted of three subdivisions; first, charges to the effect that the defendant frequently cursed the plaintiff; second, that he failed to provide for her support; third, that he spent most of his time in poolrooms, gambling, loafing and drinking. The answer denied these charges; by way of affirmative relief defendant sought a divorce on charges of cruel and inhuman treatment. In addition to the divorce, he prayed for

judgment against the plaintiff in the sum of $5,000 for advances, which he averred he made to the plaintiff both before and after marriage and which were used by her in part payment of the purchase of the lot and erection thereon of an apartment house at Klamath Falls, Oregon. He also sought a third interest in some pieces of real property owned by the plaintiff. The reply put in issue the allegations of the answer, except plaintiff admitted her ownership of the pieces of real property mentioned in the answer. The trial judge, who saw the witnesses, found against the plaintiff upon her charges, and in favor of the defendant upon his cross-bill for a dissolution of the marriage ties; the lower court allowed defendant judgment against the plaintiff in the sum of $2,495.00 and impressed a lien upon the apartment house property for its payment, and awarded the defendant an undivided one-third interest in the real property owned by the plaintiff in fee simple during her marriage relationship with the defendant. Costs were allowed neither party.

1. We have carefully read the testimony. This constituted the plaintiff's third marriage; the defendant had never been married before. The second marriage dissolution brought her by way of property settlement several thousand dollars which were used in part payment of the apartment house property. For us to set forth our consideration and comparison of the testimony would be of interest only to the parties. We shall therefore refrain from so doing and content ourselves with the observation that the judge of the lower court who saw the witnesses found that the plaintiff's charges were not substantiated by the testimony; we believe he was justified in so holding;

for instance, the complaint alleged nonsupport; one of these charges being to the following effect: "Nor has he provided food or clothing, and that the money that he has earned from time to time he spends in the poolroom. * * *" The evidence clearly establishes the falsity of this charge; the defendant was a hard-working man, who bore an excellent reputation for industry and sobriety; almost every one of his pay checks was immediately upon its receipt delivered to plaintiff. Being thus discredited upon a positive material statement, other charges made by the plaintiff were discredited. The proof submitted by the defendant we believe warranted the court in granting him a divorce. The evidence clearly disclosed that the defendant had advanced to the plaintiff several sums of money to be used in completing the purchase of the apartment house property and in converting the building thereon into an apartment house. The plaintiff called these sums of money "loans," and admitted that they aggregated approximately $1,200; the lower court, however, found that they amounted to $2,495; there was evidence which warrants this finding.

2-5. When the plaintiff procured from the defendant the above sums aggregating $2,495 she represented to him that title to the apartment house property would be taken in the names of both husband and wife, and that the apartment house would constitute a source of income for their later years. The previous holdings of this court justify the decree of the lower court which impressed a lien upon the apartment house property until the foregoing sum was repaid: *Railsbach* v. *Railsbach*, 92 Or. 625 (182 Pac. 131); *Munroe* v. *Munroe*, 20 Or. 579 (26 Pac. 835); *Finlayson* v. *Finlayson*, 17 Or. 347 (21 Pac. 60, 11 Am. St. Rep. 836, 3 L. R. A. 801); *Frarey* v.

*Wheeler*, 4 Or. 190.  Section 970—1 requiring trial judges to render their decisions within three months of the time cases are submitted, and to file affidavits that such has been done before any officer of the state shall issue a warrant for the payment of the judge's salary, does not invalidate any judgment or decree rendered by the judge after the three months period of time was expired.  The purpose of the statute was not to invalidate the decree or the judgment, but was intended to speed up the administration of judicial business by withholding the judicial officer's pay until he had rendered his decision.  A false certificate is made cause for removal of the judge, but not a basis for reversal of the decree.  The lower court's decree awarded defendant a one-third interest in plaintiff's real property pursuant to Section 511, Or. L., one of these, the apartment house property, is encumbered with the above obligation of $2,495, in the nature of a purchase-money obligation.  We believe that defendant should have this one-third interest, but it would be inequitable to give defendant the one-third interest and require plaintiff to discharge the entire $2,495; hence the latter sum is reduced one third.

Finding no other error in the record, the decree of the lower court is affirmed with this single modification.  Costs to neither party.        MODIFIED.