Argued and submitted March 11, 2020; on appellants' appeal of corrected judgment, affirmed; on cross-appellants' cross-appeal of corrected judgment, reversed and remanded; on respondents' appeal of post-judgment order, affirmed July 8, 2021

Robert L. MOIR
and Tracy E. Moir,
*Plaintiffs-Appellants
Cross-Respondents,*

*v.*

Roman OZERUGA
and Edward Ozeruga,
*Defendants-Respondents
Cross-Appellants,*
*and*

URBAN HOUSING DEVELOPMENT, LLC,
an Oregon limited liability company,
*Defendant.*

Multnomah County Circuit Court
15CV09265; A164566

496 P3d 655

Plaintiffs sued defendants over a series of disputes arising out of an easement along a shared driveway, which ultimately led to two appeals. In the first appeal, plaintiffs assign error to the trial court's determination in its original judgment that defendants are entitled to equitable relief on their sixth counterclaim—a claim against plaintiffs for failure to maintain the easement. Defendants respond that plaintiffs' appeal is untimely and cross-appeal the trial court's corrected judgment, assigning error to the court's determination that both parties were prevailing parties on the sixth counterclaim. In the second appeal, defendants assign error to a post-judgment order requiring defendants to install a sign on their property indicating that their entrance gate has a sensor. Defendants argue that, because plaintiffs transferred ownership of their property into a revocable trust, plaintiffs no longer had standing to enforce the trial court's judgment. *Held*: On the first appeal, the trial court erred in designating both parties as partial prevailing parties on defendants' sixth counterclaim. ORS 105.180(2) only allows for one prevailing party per claim. Plaintiffs' appeal was untimely because the court awarded equitable relief to defendants in its original judgment and that relief was unchanged in its corrected judgment. On the second appeal, defendants did not demonstrate that the trial court erred in concluding that plaintiffs, as parties to the judgment, had standing to enforce the judgment.

On appellants' appeal of corrected judgment, affirmed. On cross-appellants' cross-appeal of corrected judgment, reversed and remanded. On respondents' appeal of post-judgment order, affirmed.

Gregory F. Silver, Judge.

Leta Gorman argued the cause for appellants-cross-respondents. Also on the briefs was Gorman Law, LLC.

Terrance J. Slominski argued the cause for respondents-cross-appellants. Also on the briefs was David W. Venables.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

LAGESEN, P. J.

On appellants' appeal of corrected judgment, affirmed. On cross-appellants' cross-appeal of corrected judgment, reversed and remanded. On respondents' appeal of post-judgment order, affirmed.

**LAGESEN, P. J.**

This set of appeals—consisting of plaintiffs' appeal and defendants' cross-appeal of a corrected general judgment and defendants' appeal of a post-judgment order—arise from a dispute about a driveway shared by Tracy Moir and Robert Moir (plaintiffs) and Roman Ozeruga and Edward Ozeruga (defendants); one that has become unusually complicated as a procedural matter. For the reasons that follow, we reverse and remand on the cross-appeal of the corrected judgment but affirm on the appeals of the corrected judgment and post-judgment order.

Although there are many conflicts in the evidence about the parties' underlying driveway dispute, the facts relevant to the issues on appeal are mostly procedural and not in dispute. We address separately the corrected judgment and the subsequent post-judgment order.

*Corrected general judgment.* During the events giving rise to this first appeal, defendants hired contractors to construct on their property two homes, a garage, and a gate operated by keypad. Among other activities, those related to the construction on defendants' property and defendants' use of the driveway easement led plaintiffs to sue defendants. Plaintiffs alleged in their complaint that defendants and their contractors repeatedly trespassed on plaintiffs' property, blocking access to and damaging plaintiffs' private driveway, and damaging plaintiffs' fence and vehicle. They brought claims for trespass, nuisance, and negligence, and sought damages, a declaratory judgment clarifying where defendants were allowed to construct the gate, and injunctive relief—halting construction of the gate and requiring defendants' contractors to park outside of the entrance to the easement driveway. Defendants counterclaimed that plaintiffs had interfered with their use of the easement and their efforts to make repairs on it by, among other things, ripping up a portion of the pavement and replacing that portion with gravel. They asserted their own claims for declaratory and injunctive relief, damages, nuisance, and negligence. They also alleged, in their sixth counterclaim, that "plaintiffs breached their statutory duty to maintain the Easement" by refusing to repair the easement in response

to defendants' written request to do so and, in their seventh, sought attorney fees.

The legal claims were tried to a jury, which found that (1) plaintiffs had interfered with defendants' easement rights, (2) defendants had not trespassed, (3) both parties had caused a nuisance, and (4) neither party had been negligent.[1] After the jury returned its verdict, the trial court held a hearing on the parties' equitable claims, made its findings in their presence, and issued a general judgment and money award incorporating the jury verdict and its own findings in equity. Pertinent to this appeal, the court granted defendants "judgment on their claims for equitable relief on their second, fifth and sixth counterclaims." The relief on defendants' sixth counterclaim came in the form of a requirement that plaintiffs resurface, primarily at their expense, the portion of the easement that they had ripped up and replaced with gravel.[2] The judgment also stated that "[t]he terms of section B of this Judgment shall not run with the land." (Section B of the judgment addressed the relief awarded each party on the competing claims for equitable relief.) The court entered a general judgment on July 26, 2016.

More than seven months later, after the parties filed various post-judgment motions and the trial court heard them, the court issued a corrected general judgment and money award that, in addition to the issues decided in the first general judgment, provided for prevailing party and attorney fee awards. Addressing defendants' sixth counterclaim, the court concluded that plaintiffs prevailed insofar as the claim alleged a "violation of ORS 105.175(4)(c)" and dismissed "the damages part of the civil action" with prejudice,

---

[1] Plaintiffs received favorable verdicts against Urban Housing Development, LLC, for trespass, negligence, and nuisance, but Urban Housing is not a party to these appeals.

[2] The court's judgment specifies that plaintiffs

"are responsible for costs of resurfacing up to $18,575. If the cost of resurfacing exceeds that amount, [plaintiffs] shall present to [defendants], prior to any resurfacing work, a detailed statement or estimate showing the reasons for any costs above $18,575. [Defendants] shall pay up to the next $4,925. [Plaintiffs] shall pay any amount above $23,500."

The $18,575 figure is the combined jury award for economic damages on defendants' claim against plaintiffs for interference of easement rights.

but the court did not alter its original grant of equitable relief on the sixth counterclaim. It determined that, under ORS 105.175(1), "plaintiffs breached their statutory duty to maintain the easement in repair," and it maintained its order to plaintiffs to repave the easement. Based on those determinations, the court concluded that, on the sixth counterclaim, "each party prevailed on half of the allegations decided under ORS 105.180." Upon naming each party a partial prevailing party, the court awarded $81,000.00 in attorney fees and costs to plaintiffs and $81,000.00 in attorney fees and costs to defendants. It also granted each party a partial prevailing party award of $287.50.

Plaintiffs appeal the corrected judgment. In a single assignment of error, they contest the trial court's determinations that defendants were entitled to equitable relief under ORS 105.180, and that defendants were partial prevailing parties and therefore entitled to costs and attorney fees. Defendants respond that plaintiffs' appeal is untimely because the court awarded equitable relief on defendants' sixth counterclaim in the initial judgment and did not alter that award in the corrected judgment. Defendants also cross-appeal the corrected judgment, assigning error to the court's determination that both parties were prevailing parties for purposes of the sixth counterclaim.

As this appeal has been framed by the parties, the issues before us involve the scope of our appellate review authority and the proper designation of the prevailing party on the sixth counterclaim. The scope of our appellate jurisdiction presents a question of law that we must answer for ourselves in the first instance; in other words, it is not a matter of review. ORS 19.270; *see also Varde v. Run! Day Camp For Dogs, LLC*, 309 Or App 387, 390-91, 482 P3d 795 (2021). Whether a party is a prevailing party so as to be entitled to attorney fees is a question of law. *Mountain High Homeowners Assn. v. Jewett*, 224 Or App 45, 49, 197 P3d 27 (2008), *rev den*, 346 Or 65 (2009). Considering the parties' arguments in view of those standards, on both the appeal and the cross-appeal, defendants are correct.

With respect to whether we may review plaintiffs' challenge to the award of equitable relief on the sixth

counterclaim, ORS 19.255 provides, in part, that "a notice of appeal must be served and filed within 30 days after the judgment appealed from is entered in the register." In cases of corrected judgments that affect one or more substantial rights of a party, that timeline is extended, but only for "the corrected portions of the judgment and all other portions of the judgment affected by the correction." ORS 18.107(3).

Here, neither plaintiffs nor defendants appealed the trial court's general judgment, and plaintiffs' appeal of the corrected general judgment was filed long after the expiration of the 30-day period for filing a notice of appeal from the original general judgment. That means that plaintiffs are limited to challenging the corrected parts of the judgment, or other parts affected by the corrections.

Plaintiffs' challenge to the award of equitable relief does not fall within those limitations. That is, plaintiffs' assignment of error is predicated on the trial court's initial judgment awarding equitable relief on defendants' sixth counterclaim, which is a portion of the judgment that remained unaffected by the court's corrected judgment. They summarize, "The trial court erred when it ruled that defendants were entitled to equitable relief under ORS 105.180(1) and that, therefore, they were also prevailing parties under ORS 105.180(2) and entitled to attorneys' fees, costs, and a partial prevailing party fee." But the court's initial judgment clearly stated, "Ozeruga[s] shall have judgment on their claims for equitable relief on their second, fifth and sixth counterclaims[.]" And that equitable relief came in the form of the court's order that plaintiffs (using the money that the jury awarded defendants for plaintiffs' interference with easement rights) resurface the portion of the driveway that they had previously ripped up and replaced with gravel—relief that remained the same after the corrected judgment.

Plaintiffs acknowledge that the trial court granted defendants equitable relief and prevailing party status in its initial judgment but argue in their reply brief that they are assigning error only to the court's prevailing party and attorney fee determinations in the corrected judgment. And to the extent that plaintiffs' challenges to the prevailing party fee and attorney fee determination might not depend

on the correctness of the award of equitable relief on the sixth counterclaim (but instead depend on a corrected portion of the judgment), we agree that we would have jurisdiction to review those contentions. But to the extent that plaintiffs' contentions invite us to conclude that the court erred in awarding equitable relief on the sixth counterclaim in the unappealed original judgment, under ORS 18.107(3), plaintiffs' failure to appeal that judgment precludes us from reviewing those contentions in the context of this appeal from the corrected general judgment.

The remaining issue in the appeal of the judgment is whether the trial court erred when it designated both plaintiffs and defendants as prevailing parties on the sixth counterclaim for purposes of the attorney fees authorized by ORS 105.180(2). Because that designation was one of the trial court's corrections, its correctness is properly before us under ORS 18.107(3).

ORS 105.180(2) provides that, in a civil action to enforce the maintenance of an easement, "[t]he prevailing party shall recover all court costs, arbitration fees and attorney fees." We have held that, generally, "'for purposes of attorney fees, there can be only one prevailing party under any statute.'" *Goodsell v. Eagle-Air Estates Homeowners Assn.*, 280 Or App 593, 603, 383 P3d 365 (2016), *rev den*, 360 Or 752 (2017) (quoting *LeBrun v. Cal-Am Properties, Inc.*, 197 Or App 177, 186, 106 P3d 647, *rev den*, 338 Or 488 (2005), and reasoning that the compulsory fee statute in that case "contemplates that there is a single prevailing party on each claim" because the statute allowed recovery for "the" prevailing party). That is, trial courts determine which party is the prevailing party on a claim-by-claim basis, but there can only be one prevailing party for each claim. *See id.*; *see also Lemargie v. Johnson*, 212 Or App 451, 454 n 3, 157 P3d 1284 (2007) ("Under ORS 20.077, there can be more than one prevailing party in actions that involve multiple claims or counterclaims as in the present matter."). The trial court, therefore, legally erred in concluding that all parties were prevailing parties on the sixth counterclaim, and in awarding offsetting attorney fees to all parties based on that erroneous determination. We therefore must reverse and remand the corrected judgment for the trial court to identify

who prevailed on the sixth counterclaim and the appropriate award of fees based on that determination.

*Appeal of post-judgment order.* The second appeal arises out of a post-judgment order requiring defendants to install a large metal sign on their property indicating that their entrance gate has a sensor.

On April 13, 2018, plaintiffs filed a motion to enforce the corrected judgment, alleging, among other things, that defendants were improperly using the easement against the terms of the corrected judgment. Some of plaintiffs' complaints stemmed from the fact that visitors and delivery drivers heading to defendants' property could not tell that the gate opened by sensor, and so would park on the easement in front of plaintiffs' home. Defendants responded that plaintiffs, who had transferred "all of their interest" in their property into a trust since entry of the corrected judgment, did not have standing to enforce the judgment because the relevant terms of the corrected judgment did not run with the land, and that plaintiffs were otherwise improperly seeking relief outside of the terms of the judgment. At the hearing on plaintiffs' motion, the court concluded that it would not let the change in ownership interfere with its resolution of the dispute. It reasoned:

> "I'm familiar with the trusts that are set up for estate planning purposes, where the people who were the owners of land and other things, perhaps, transferred ownership of real property and often personal property into a trust that was done for estate planning purposes, and it doesn't change anything in terms of the way people live their lives. * * *
>
> "I am not one for form over substance. So I'm—while the trust argument is interesting, and maybe there is a valid legal argument that everything needs to start over in the name of the trust. I'm not making * * * that ruling. I think what makes the most sense and what is the most expeditious for everyone is to proceed as we are here. * * *
>
> "* * * * *
>
> "So I'm not going to deal with the trust issue today. We're simply going to proceed as we have before in the case. And I think that's the appropriate way to do it at this stage."

Ultimately, the court ordered defendants to install a large, reflective, metal sign on their entrance gate that would state, "Please pull forward. Gate opens automatically."

Defendants appeal that order, arguing, as they did below, that plaintiffs do not have standing to enforce the corrected judgment. Defendants explain that the relevant portion of the corrected general judgment does not run with the land and, because plaintiffs transferred all of their interest in their property into a trust, they no longer have standing to enforce the judgment. Plaintiffs respond that they do have standing because the trust is revocable and they are its sole trustees. They contend that their status as settlors of the revocable trust means that they have functionally remained the owners of the property such that they have standing to enforce the corrected judgment. Plaintiffs also argue that the court had authority to issue its order because it retained jurisdiction over the corrected judgment, and that defendants cannot contest the order because the order did not affect a substantial right.

We affirm. We acknowledge that the issue is not entirely clear, and we hope that it does not become a recurring one, but, in the end, defendants' arguments do not convince us that the trial court's standing determination is in error. For one, contrary to the apparent premise of defendants' standing arguments, the post-judgment order arose from plaintiffs' motion to enforce a judgment to which they are parties, not from a new statutory action to enforce an easement, and defendants have not fully articulated a theory as to why a party to a judgment would lose standing to enforce it under the particular circumstances here. Regardless of the transfer of the property to the revocable trust, it is undisputed that plaintiffs remain parties to the judgment and have rights and responsibilities under it. It is also undisputed that plaintiffs remain in possession of the property, so they retain some sort of possessory interest in the land in question. Finally, although the trial court designated that the portion of the judgment addressing the parties' equitable obligations to each other did not "run with the land," defendants' arguments essentially called upon the court to interpret its own judgment, and the court plausibly could have understood its judgment to afford plaintiffs

an ongoing interest in its enforcement. That is, the court's determination that plaintiffs did not lose standing to enforce the judgment based simply on the trust transaction is not one that we are in a position to displace, given the ambiguity of the intentions signaled by the "run with the land" wording as applied to this particular scenario, and where, as here, plaintiffs remain in possession of the land. In view of these converging circumstances, defendants have not convinced us that the trial court erred when it concluded that plaintiffs had standing to enforce the corrected judgment.

On appellants' appeal of corrected judgment, affirmed. On cross-appellants' cross-appeal of corrected judgment, reversed and remanded. On respondents' appeal of post-judgment order, affirmed.