544 May 8, 2024 No. 307

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Bunker ROGGE
and Katrina Popovich,
*Plaintiffs-Appellants,*

*v.*

LESTER REALTY, INC.
and Colleen Welsch,
*Defendants-Respondents,*

*and*

DOES 1 TO 100,
*Defendants.*

Klamath County Circuit Court
21CV05023; A180510

Dan Bunch, Judge.

Argued and submitted April 3, 2024.

Bunker Rogge argued the cause for appellants *pro se.*
Also on the brief was Katrina Popovich *pro se.*

Nathan J. Ratliff and Parks & Ratliff, P.C. filed the brief
for respondents.

Before Aoyagi, Presiding Judge, Joyce, Judge, and
Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

This case arises from a dispute between plaintiffs, Bunker Rogge and Katrina Popovich, and defendants, a realtor and a real estate firm, with whom plaintiffs contracted regarding the sale of a house. The trial court entered a general judgment in defendants' favor on September 8, 2022, and entered a supplemental judgment awarding attorney fees and costs to defendants on December 19, 2022. Plaintiffs, appearing *pro se*, have appealed only the supplemental judgment. They raise three assignments of error, which we address in turn and, ultimately, reject. We therefore affirm.

*First assignment of error.* In their first assignment of error, plaintiffs challenge the exclusion from evidence of an "Oregon state investigative report and supporting documents," which plaintiffs sought to admit at trial, and which the court excluded on hearsay grounds. Defendants make a number of arguments as to why plaintiffs' claim of error is unavailing. There is a more fundamental problem, however, that precludes our addressing it.

As noted, plaintiffs appealed only the supplemental judgment regarding attorney fees and costs, not the general judgment dismissing their claims. The evidence that plaintiffs argue should have been admitted was offered at trial, not at a fee hearing. To challenge its exclusion, plaintiffs would have needed to appeal the general judgment. We lack jurisdiction to review the general judgment, or any evidentiary rulings relevant to that judgment, when the general judgment was not appealed. *Moir v. Ozeruga*, 313 Or App 9, 14-15, 496 P3d 655 (2021) (where the plaintiffs appealed a later judgment, but not the general judgment, we could not consider a claim of error regarding the general judgment). We therefore must reject the first assignment of error.

*Second assignment of error.* In their second assignment of error, plaintiffs rely on ORS 1.050 to argue that the trial court took too long to rule on attorney fees and that the fee award is invalid as a result. ORS 1.050 provides:

"Any question submitted to any judge of any court of, or any justice of the peace in, any of the courts of this state, excepting the Supreme Court and the Court of Appeals

and the judges thereof, *must be decided and the decision rendered within three months after submission*, unless prevented by sickness or unavoidable casualty, or the time be extended by stipulation in writing signed by the counsel for the respective parties and filed with the judge before the expiration of said three months. This section is mandatory, and *no officer shall sign or issue any warrant for the payment of the salary or any installment of the salary of any such judge or justice of the peace unless the voucher for such warrant shall contain or be accompanied by a certificate of such judge or justice of the peace that all matters submitted to the judge or justice of the peace for decision three months or more prior to the filing of said voucher have been decided as required herein*; and, in case the time has been extended by stipulation in writing, or a decision has been prevented by sickness or unavoidable casualty, said certificate shall state the facts excusing the delay. The making and filing of a false certificate shall be just cause for complaint to the legislature and removal of said judge or justice of the peace."

(Emphases added.)

In 1928, the Oregon Supreme Court held that a trial judge's failure to render a decision within three months of submission, as required by Oregon Laws § 970-1 (Olson 1920), now codified as ORS 1.050, "does not invalidate any judgment or decree rendered by the judge after the three-months period of time was expired." *Kellogg v. Kellogg*, 123 Or 639, 643, 263 P 385 (1928). "The purpose of the statute was not to invalidate the decree or the judgment, but was intended to speed up the administration of judicial business, by withholding the judicial officer's pay until he had rendered his decision."[1] *Id*. Under *Kellogg*, even if the trial court took more than 90 days to rule on attorney fees and costs in this case (a disputed point), it would not have any effect on the award's validity. We therefore have no authority to reverse the supplemental judgment based on the timing of

---

[1] According to James R. Hargreaves, *The Strange Life of ORS 1.050*, 76 Or St B Bull 62 (May 2016), the certification requirement in ORS 1.050 has not been enforced since the early 1980's, when Oregon's attorney general issued a formal opinion to the effect that ORS 1.050 is unconstitutional. The statute remains on the books, however, and neither we nor the Supreme Court has ever addressed its constitutionality. For present purposes, we therefore treat it as a valid statute that remains in force.

the ruling, and we must reject the second assignment of error.

*Third assignment of error*. In their third assignment of error, plaintiffs argue that, as *pro se* litigants, they were unable to subscribe to OJCIN OnLine—that is, the Oregon Judicial Case Information Network, which allows e-filing and electronic access to trial and appellate court records—which violated their rights under the Fifth and Fourteenth Amendments to the United States Constitution.[2] Plaintiffs do not dispute that they had access to trial court records by other means, but they argue that a subscription to OJCIN OnLine would have provided faster, more convenient, and more reliable access.

Plaintiffs did not make this argument to the trial court, so it is unpreserved for appeal. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). We note that constitutional errors are subject to the same preservation requirements as other types of errors. *See, e.g.*, *State v. Kincheloe*, 367 Or 335, 337, 478 P3d 507 (2020), *cert den*, ___ US ___, 141 S Ct 2837 (2021) (applying normal preservation principles to the defendant's claim that his rights under the Sixth Amendment to the United States Constitution were violated when he was convicted of a crime based on a nonunanimous jury verdict).

When a claim of error is unpreserved, the only review available on appeal is "plain error" review. ORAP 5.45(1). Moreover, "we ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error." *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (internal quotation marks omitted). Here, even if we view plain-error review as being requested, the alleged error does not qualify as "plain." An error is "plain" when it is an error of

---

[2] Plaintiffs' arguments are based on their inability to subscribe to OJCIN at the time of the trial court proceedings in this case. Plaintiffs acknowledged at oral argument that subscription access has since improved for *pro se* litigants.

law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether parties appearing *pro se* in civil litigation have a federal constitutional right to file and access court documents electronically, in the same manner as attorneys, is a complex legal question. The legal point is not "obvious" and is reasonably in dispute, defeating any claim of a "plain" error by the trial court. *Id*. We therefore must also reject the third assignment of error.

Affirmed.