No. 174　　　　March 5, 2025　　　　333

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Steven LAACK
and Robin Laack,
as Trustees of the Laack Family Trust,
*Plaintiffs-Respondents,*

*v.*

Fernando BOTELLO,
an individual,
*Defendant-Appellant.*

Marion County Circuit Court
17CV33427; A182805

Audrey J. Broyles, Judge.

Argued and submitted December 20, 2024.

David Wallace argued the cause and filed the brief for appellant.

Steve Elzinga filed the brief for respondents.

Before Ortega, Presiding Judge, Egan, Judge, and Hellman, Judge.

EGAN, J.

Reversed and remanded for entry of supplemental judgment omitting award of costs for unspecified filing fees, court reporter fees, audio recording fee, process server fees, mediator fees, and surveying fees; otherwise affirmed.

**EGAN, J.**

In this cause of action for trespass, ejectment, and counterclaim for adverse possession, defendant appeals from a supplemental judgment awarding plaintiffs costs and attorney fees. Defendant's assignments of error fall into two categories: First, the trial court's designation of plaintiffs as the prevailing party, and second, the trial court's award of enhanced prevailing party fees and costs to plaintiffs. We affirm the trial court's designation of plaintiffs as the prevailing party and the award of an enhanced prevailing party fee. However, we modify the court's award of costs to plaintiffs.

The facts in this case are largely procedural and uncontested. In this dispute between neighbors, among other claims, plaintiffs sought to eject defendant from the disputed property and also brought a claim for trespass and damages for the trespass. Defendant denied the trespass and, among other counterclaims, counterclaimed for adverse possession, claiming attorney fees under ORS 20.080. On March 22, 2023, after a two-day jury trial, the jury returned a verdict in favor of plaintiffs on the claims of ejectment and trespass and in favor of defendant on part of his adverse possession claim. The trial court converted that verdict to a general judgment. The general judgment explained three distinct actions: First, defendant was ejected from the disputed land; second, although the jury found a trespass but did not award damages, the trial court declared that "[n]either party prevailed" on the trespass claim; and third, defendant's adverse possession claim was limited to "0 to .32 feet of property inside the current southern fence for a few feet as shown in the 1992 survey." The trial court then declared that "[p]laintiffs are the prevailing party on each of these claims and counterclaims because [p]laintiffs established title to the majority of the property in dispute." The trial court signed the general judgment on April 26, 2023.

Both parties filed ORCP 68 fee petitions. Defendant objected to plaintiffs' petition for fees and costs. After oral argument, the trial court issued an opinion letter in which it awarded plaintiffs' attorney fees, costs, and enhanced prevailing party fees, and it denied defendant any award of fees. The trial court issued its supplemental judgment with

its award of attorney fees, costs, and prevailing party fees on November 9, 2023.

## THE DESIGNATION OF THE PREVAILING PARTY: JURISDICTION

We first address plaintiffs' challenge to our jurisdiction to consider the prevailing party designation. Defendant has assigned error to the court's designation of the prevailing party by appealing the supplemental judgment. That supplemental judgment, however, only reiterated the trial court's earlier designation in the general judgment of plaintiffs as the prevailing party. Because defendant did not file a notice of appeal from the general judgment, plaintiffs argue that we lack jurisdiction to address the prevailing party designation.

We are required to consider matters of appellate jurisdiction, even if the issue is not raised by the parties. *See Moir v. Ozeruga*, 313 Or App 9, 13, 496 P3d 655 (2021) ("The scope of our appellate jurisdiction presents a question of law that we must answer for ourselves in the first instance; in other words, it is not a matter of review."). An appellant must file and serve the notice of appeal within the allotted time for the appellate court to take jurisdiction over the appeal. ORS 19.270. Under ORS 19.255(1), "a notice of appeal must be served and filed within 30 days after the judgment appealed from is entered in the register." Further, ORS 19.270(7) provides that, "[i]f a limited or supplemental judgment is appealed, the jurisdiction of the appellate court is limited to the matters decided by the limited or supplemental judgment." Because our jurisdiction is limited to those matters decided by the supplemental judgment, as explained below, we conclude that we lack jurisdiction to review defendant's challenge to the prevailing party determination.

In his opening brief, defendant argues that the trial court erred in naming plaintiffs the prevailing party because they did not prevail on their trespass claim and that the trial court erred in failing to name defendant the prevailing party on his adverse possession counterclaim. Both of those determinations are memorialized in the general judgment, which neither party has appealed. Specifically, the general judgment states:

"1.   Defendant's vehicles and other possessions are ordered ejected from Plaintiff's property south of the current southern fence line * * *.

"2.   Plaintiffs are the prevailing party on Plaintiffs Third Claim for Ejectment based on the jury verdict for Plaintiffs ordering Defendant ejected.

"3.   Neither party prevailed on Plaintiffs' Second Claim for Trespass based on the jury verdict of trespass by Defendant without awarding damages.

"4.   Plaintiffs are the prevailing party on Defendant's First Counterclaim for trespass * * *.

"5.   Plaintiffs are the prevailing party on Defendant's Second Counterclaim for Ejectment based on the directed verdict * * * as well as the reasoning of the jury verdict rejecting Defendant's First Counterclaim for Trespass.

"6.   Plaintiffs are the prevailing party on Defendant's Counterclaim for Boundary by Agreement based on the summary judgment * * * and Defendant subsequently withdrawing that counterclaim.

"7.   As to Plaintiffs' First Claim for Declaratory Judgment, Plaintiffs' Fourth Claim for Quiet Title, *Defendant's Third Counterclaim for Adverse Possession*, Defendant's Fourth Counterclaim for Declaratory Judgment, and Defendant's Fifth Counterclaim for Quiet Title, the Court declares and finds:

"* * * * *

"b.   Plaintiffs are the prevailing party on each of these claims and counterclaims because Plaintiffs established title to the majority of the property in dispute.[1]

"* * * * *

"8.   Plaintiffs may apply for an award of attorney fees and costs to be determined pursuant to ORCP 68, and if allowed, awarded by supplemental judgment."

---

[1] In particular the trial court ruled:

"Plaintiffs established title to approximately 50 feet of property south of the current southern fence line, most of the 1.8 to 2 feet inside the current southern fence line, all of the 3.9 to 4.6 feet inside the current western fence line, and all of the 4.4 to 1.6 feet inside the current northern fence line, while Defendant obtained title via adverse possession to 0 to 0.32 feet of property for a few feet of property along the southern boundary but inside the current southern fence line."

(Emphasis added.)

The supplemental judgment, from which defendant appeals, reiterates:

> "The case was tried to a jury who reached verdicts on all the claims and counterclaims. Plaintiff[s] prevailed on the Ejectment, Declaratory Judgment and Quiet Title claims as well as against Defendant's counterclaims for Trespass, Ejectment, Adverse Possession, Declaratory Judgment and Quiet Title. Neither party prevailed on the Plaintiff[s'] Trespass claim. Defendant did not prevail on any of the claims despite arguments to the contrary."

The supplemental judgment awarded the specific amount of $5,640 in enhanced prevailing party fees and costs of $5,685.82.

When an appeal arises from a supplemental judgment, as it does here, the jurisdiction of the court is limited to "the matters decided by" the supplemental judgment. ORS 19.270(7). In applying ORS 19.270(7), we have concluded that, when jurisdiction is vested by an appeal of a limited or supplemental judgment, we lack jurisdiction to decide specific issues memorialized in other judgments that were not appealed. *White v. Vogt*, 258 Or App 130, 139-40, 308 P3d 356 (2013). In *White*, we concluded that we lacked jurisdiction under ORS 19.270(7) to consider whether the trial court erred in denying the plaintiffs' motion for summary judgment, because the plaintiffs had failed to file a notice of appeal from the limited judgment denying their summary judgment motion. *Id.* Instead, the plaintiffs had filed notices of appeal only from an earlier limited judgment granting the defendants' dismissal and summary judgment motions and a later supplemental judgment awarding the defendants fees and costs.[2] *Id.* at 140; *see also Clackamas*

---

[2] Relatedly, because a limited judgment that complies with ORCP 67 B (*i.e.*, conclusively resolves fewer than all claims for relief) is immediately appealable upon its entry, the failure to timely appeal from that limited judgment precludes appellate review of the claims resolved by the limited judgment even when the general judgment is appealed. *See, e.g.*, *Interstate Roofing, Inc. v. Springville Corp.*, 347 Or 144, 163, 218 P3d 113 (2009) ("Because the limited judgment finally resolved all three of the claims that it addressed, and because defendant did not timely appeal the limited judgment, the Court of Appeals should have granted plaintiff's motion to dismiss the appeal as to those claims."); *Phillips v. State Farm Fire and Casualty Co.*, 302 Or App 500, 503, 461 P3d 1008 (2020) ("A limited

*County Oregon v. Clackamas River Water*, 280 Or App 366, 369, 382 P3d 598 (2016), *rev den*, 360 Or 752 (2017) (reasoning that, under ORS 19.207(7), we could not address the appellant's challenge to the trial court's grant of a motion to intervene, because appellant only appealed the supplemental judgment awarding fees).

Here, nothing in the supplemental judgment on appeal *superseded* the trial court's prevailing party determination memorialized in the general judgment so as to (arguably) restart the 30 days in which a notice of appeal must be filed. Instead, in this case, the prevailing party determination was clearly laid out in the general judgment and remain unaltered in the supplemental judgment. Defendant's failure to file a notice of appeal within the 30 days after entry of the general judgment is jurisdictionally fatal to our ability to review the challenge to the prevailing party designation. In addition, because the prevailing party designation appears to be the only argument defendant makes regarding the general attorney fee award to plaintiffs, there is nothing remaining for us to review on that issue. This leaves for our review only defendant's challenge to the amount of enhanced prevailing party fees and costs awarded to plaintiffs, which was memorialized in the appealed supplemental judgment.

## ENHANCED PREVAILING PARTY FEES

First, defendant challenges the $5,000 in enhanced prevailing party fees that the trial court awarded under ORS 20.190(3). That statute provides that "in any civil action or proceeding in a circuit court in which recovery of money or damages is sought, the court may award to the prevailing party up to an additional $5,000 as a prevailing party fee." ORS 20.190(3). The statute further provides a list of factors

---

judgment entered in compliance with ORCP 67 B is an appealable judgment, and the notice of appeal must be filed within 30 days of its entry."); *cf. R. S. R. v. Dept. of Human Services*, 319 Or App 149, 156-59, 510 P3d 209 (2022) (recognizing that the appellant "expressly identified a judgment that was not the judgment that he sought to challenge," namely a limited judgment disposing of a negligent infliction of emotional distress claim, but concluding that the notice of appeal nonetheless gave jurisdictionally adequate notice of the correct judgment on appeal within the 30-day time limit from that judgment).

that the "court shall consider" in determining whether to make an award of an enhanced prevailing party fee:

> "(a)   The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> "(b)   The objective reasonableness of the claims and defenses asserted by the parties.
>
> "(c)   The extent to which an award of a larger prevailing party fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> "(d)   The extent to which an award of a larger prevailing party fee in the case would deter others from asserting meritless claims and defenses.
>
> "(e)   The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>
> "(f)   The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
>
> "(g)   Any award of attorney fees made to the prevailing party as part of the judgment.
>
> "(h)   Such other factors as the court may consider appropriate under the circumstances of the case."

*Id.*[3]

Here, the parties dispute the proper standard of review for an award of an enhanced prevailing party fee. Defendant would have us review for errors of law, while plaintiff argues that we should review for an abuse of discretion. We have explained the compound standard of review as follows:

> "[W]e begin our review by examining the court's determinations with respect to the individual factors on which the court relied in making a decision under ORS 20.190(3). If the court's determinations of law are correct and if the

---

[3] The factors in the enhanced prevailing party fee statute are substantively identical to the factors the court considers in determining whether to make a discretionary attorney fee award under ORS 20.075(1). Therefore, although the trial court only cited to the ORS 20.075(1) factors, the court's reasoning applies with equal force to the factors listed in the enhanced prevailing party fee statute, ORS 20.190(3).

court's findings are supported by some evidence, then we will proceed to the question whether the decision to award or not to award prevailing party fees amounted to an abuse of discretion."

*Shumake v. Foshee*, 197 Or App 255, 261, 105 P3d 919 (2005).

Here, defendant does not identify any legal error in the trial court's award of the enhanced prevailing party fee. Further, there appears to be evidence in the record to support the trial court's determinations.

The trial court listed all of the ORS 20.190(3) factors in its November 2023 letter opinion, which the court incorporated into the supplemental judgment. The court's findings amounted to three essential conclusions: First, with regard to the factor of the unreasonableness of defendant's claim under ORS 20.190(3)(b), the trial court noted that defendant had maintained "throughout the litigation that he owned 50 feet of property outside the fence line without any reasonable basis to believe so," while "his trial testimony for the entire duration of the case" actually "contradicted" that belief; second, with regard to defendant's unreasonable conduct during the proceedings under ORS 20.190(3)(e), he "continued trespassing on th[e] property" even after he received three demand letters from plaintiffs requesting that he stop trespassing and after the court had "dismissed all of Defendant's affirmative defenses regarding the extra 50 feet"; and third, under ORS 20.190(3)(f), defendant did not engage with reasonable settlement negotiations as plaintiffs offered multiple settlements, including all of the disputed property inside the current fence line to defendant and the parties each paying their own attorney fees, while defendant's "only written settlement" was "a demand that [plaintiffs] give up 25 feet of property [outside the current fence line] and pay $100,000."

It is unclear in what respect defendant views the trial court to have erred in awarding an enhanced prevailing party fee. Defendant appears to misunderstand the factors in ORS 20.190(3). He implies that the trial court erred in finding that he acted recklessly and that this error amounts to an incorrect application of ORS 20.190(3). However, the award of an enhanced prevailing party fee is a discretionary

determination, and it *does not* require the trial court to have "found that [defendant] acted in a reckless manner." The court must consider the conduct of the parties, but it is not required to find recklessness. *See* ORS 20.190(3)(a) ("The conduct of the parties in the transactions or occurrences that gave rise to the litigation, *including* any conduct of a party that was reckless, willful, malicious, in bad faith or illegal."). Nevertheless, the trial court did not conclude that defendant acted recklessly—it instead concluded that defendant acted "unreasonably"—and that determination related to the parties' conduct, which was part of the factor that the trial court was required to consider.

Defendant's remaining arguments about the enhanced prevailing party fee appear to be an attempt by defendant to debunk the trial court's determination that his actions were unreasonable or, as defendant appears to understand it, that his actions were "reckless." Defendant argues that he reasonably "defended a portion of his land that a jury" concluded he had obtained via adverse possession. In that portion of his argument, defendant is referring to the 4 inches of land inside the fence line, but he never addresses the remaining 50 feet of property that the trial court focused on in its findings. Without any indication of how the trial court erred in concluding that defendant acted unreasonably throughout the litigation based on his continued, unsubstantiated claim to the 50 feet of property, there is no basis to reverse the trial court's fee award. Given the totality of the circumstances in this case, defendant's assertion is insufficient for us to conclude that the trial court erred in awarding enhanced prevailing party fees.

## THE AWARD OF COSTS

Finally, defendant challenges the award of costs to plaintiffs under ORS 28.100 and ORCP 68. As a preliminary matter, plaintiffs' argument that defendant did not preserve the dispute over costs is not well taken. Turning to the merits of defendant's argument, plaintiffs requested, and the trial court awarded, the following costs:

"1.   USPS Postage Fees $33.77

"2.   Certified Mailing Fees $16.85

"3. Filing Fees - $1,664.00

"4.   Witness Fees - $530.00

"5.   Court Reporter Fees - $1,051.70

"6.   Audio Recording Fees - $27.00

"7.   Process Server Fees - $145.00

"8.   Garnishment Fees - $15.00

"9.   Interpreter Fees - $600.00 * * *

"10.   Mediator Fee - $350.00

"11.   Copying Fees - $52.50

"12.   Surveying Fees - $1,200.00

"TOTAL COSTS:   $5,685.82[.]"

Defendant filed an objection with the trial court to plaintiffs' attorney fee and cost petition, stating that plaintiffs' costs did not meet the requirements under ORCP 68 A(2).

On the issue of costs, we "normally review the amount of an award of costs for abuse of discretion, but, to the extent the court's decision is based on its interpretation of an agreement or statute, we review for errors of law." *Butler Block, LLC v. AGNI Group, LLC*, 240 Or App 548, 552, 250 P3d 924 (2011).

The parties disagree on whether or not ORCP 68 limits the award of costs in this case. Plaintiffs argue that because ORCP 68 A defines costs as "reasonable and necessary expenses incurred in the prosecution or defense of an action, other than for legal services," that broad language means that the trial court can award any costs that it deems "reasonable and necessary." According to plaintiffs, the expansive language of ORS 28.100 grants the court discretion to award costs. *See* ORS 28.100 ("In any proceeding under this chapter the court may make such award of costs as may seem equitable and just.").

Plaintiffs' argument is not persuasive. In this case, recoverable costs are limited to those listed in ORCP 68 A, unless "specifically allowed by agreement, by these rules, or by any other rule or statute." ORCP 68 A(2); *see*

*also Klutschkowski v. PeaceHealth,* 245 Or App 524, 549-52, 263 P3d 1130 (2011), *aff'd in part, rev'd in part on other grounds,* 354 Or 150 (2013) (concluding that the trial court erred in awarding the plaintiffs for the cost of preparing daily transcripts when ORCP 68 A(2) did not include that cost, and the cost was not permitted by statute). There is no indication that there was any agreement between the parties regarding costs, and it does not appear that any rule or statute allows for the recovery of costs outside of those defined ORCP 68 A(2).

The costs that defendant disputed under ORCP 68 A(2) included witness fees of $530. Witness fees are specifically included in the rule and the supplemental judgment is correct with regard to those fees. Defendant *also* disputed costs of $787 for unspecified filing fees, $1,051.70 for court reporter fees, a $27 audio recording fee, $145 for process server fees, $350 for mediator fees, and $1,200 in surveying fees. These costs are not recoverable under the terms of ORCP 68 A and, as a result, we modify the award of costs by deleting the award for those costs, which results in a reduction of $3,560.70 in the supplemental judgment.

## CONCLUSION

For the reasons set forth above, the supplemental judgment is affirmed as to the designation of the prevailing party, the award of attorney fees, and the award of enhanced prevailing party fees. The matter is remanded to the trial court for the correction of the award of costs.

Reversed and remanded for entry of supplemental judgment omitting award of costs for unspecified filing fees, court reporter fees, audio recording fee, process server fees, mediator fees, and surveying fees; otherwise affirmed.