No. 427 May 13, 2026 651

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Brent Evan WEBSTER,
dba Brent Evan Webster,
*Plaintiff-Appellant,*

*v.*

Gregory GEISER
et al.,
*Defendants,*

*and*

KELL, ALTERMAN, & RUNSTEIN, LLP,
and Mathew W. Lauritsen,
*Defendants-Respondents.*

Clackamas County Circuit Court
23CV28906; A184967

Cody M. Weston, Judge.

Argued and submitted April 7, 2026.

Brent Evan Webster argued the cause and filed the briefs *pro se*.

Jonathan Henderson argued the cause for respondents. Also on the brief was Davis Rothwell Earle & Xóchihua, P.C.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this civil action, plaintiff, a self-represented litigant, appeals a supplemental judgment awarding attorney fees to defendants—a law firm and an attorney—following defendants' successful motion to strike pursuant to ORS 31.150 (Oregon's anti-SLAPP[1] statute). We affirm.

Plaintiff's arguments on appeal generally go to the merits of the grant of the anti-SLAPP motion and certain related legal proceedings, not the award of attorney fees.[2] Plaintiff, however, did not object or oppose attorney fees at the trial court, either in writing or by requesting oral argument. Although plaintiff assigns error to the supplemental judgment, he did not make any argument to the trial court regarding the supplemental judgment, nor does he explain to us how he preserved his argument. Accordingly, his appeal presents no basis to disturb the attorney fee order. *See Laack v. Botello*, 338 Or App 333, 335, 567 P3d 474, *rev den*, 374 Or 143 (2025) ("[W]hen jurisdiction is vested by an appeal of a limited or supplemental judgment, we lack jurisdiction to decide specific issues memorialized in other judgments that were not appealed."); ORAP 5.45 (explaining requirements for opening brief, including the requirements that "[e]ach assignment of error must be followed by the argument" and that "the question or issue presented by the assignment of error timely and properly was raised and preserved in the lower court").

Plaintiff did attempt to appeal the general judgment dismissing his case against defendants pursuant to the anti-SLAPP motion. Plaintiff generally asserts that he was mistreated during the pendency of his case by various judicial officers in a "criminal cover-up" related to a non-judicial foreclosure and eviction, and what he contends was the "fraudulent conversion" of his property. That notice of appeal, however, was filed more than 30 days after the general judgment was entered. Accordingly, we are unable to consider that judgment on appeal. *See* ORS 19.255(1)

---

[1] SLAPP is an acronym that stands for "strategic lawsuit against public participation." *Neumann v. Liles*, 358 Or 706, 722, 369 P3d 1117 (2016).

[2] Defendants represented another entity (not relevant to this appeal) in legal proceedings against plaintiff.

("Except as provided in this section, a notice of appeal must be served and filed within 30 days after the judgment appealed from is entered in the register."); ORS 19.270(2)(b) (noting that filing within the time limits of ORS 19.255 is "jurisdictional and may not be waived or extended"). For that reason, the appellate commissioner correctly dismissed that portion of plaintiff's appeal.

Affirmed.